14-4036-cv
*Zurich Am. Ins. Co. v. Team Tankers A.S.*

# In the

# United States Court of Appeals

## For the Second Circuit

————

AUGUST TERM 2015
No. 14-4036-cv

ZURICH AMERICAN INSURANCE CO., as subrogee of Vinmar
International, Ltd., AND VINMAR INTERNATIONAL, LTD.,
*Petitioners-Appellants,*

*v.*

TEAM TANKERS A.S. AND EITZEN CHEMICAL USA, *in personam*, AND
THE M/T SITEAM EXPLORER, her engines, tackle, apparel, etc., *in rem*,
*Respondents-Appellees.*

————

Appeal from the United States District Court
for the Southern District of New York

————

SUBMITTED: DECEMBER 8, 2015
DECIDED: JANUARY 28, 2016

————

Before: CABRANES, PARKER, and LOHIER, *Circuit Judges*.

————

This appeal presents two questions. The first, which we dispose of in relatively short order, is whether the District Court erred in confirming an arbitration award. The second, which merits fuller discussion, is whether the party that prevailed in arbitration was entitled, by contract or statute, to recoup the fees and costs it incurred in seeking to confirm the arbitral award before the District Court.

Petitioners-appellants are Zurich American Insurance Co. and Vinmar International, Ltd. They challenge two orders of the United States District Court for the Southern District of New York (William H. Pauley III, *Judge*). In the first, entered on June 30, 2014, the District Court denied petitioners-appellants' motion to vacate an arbitration award and granted the motion of respondents-appellees Team Tankers A.S., Eitzen Chemical USA, and the M/T Siteam Explorer to confirm it. In the second, entered on September 29, 2014, the District Court awarded respondents-appellees their attorney's fees and costs.

We **AFFIRM** the District Court's June 30, 2014 order denying petitioners-appellants' motion to vacate the arbitral award and granting respondents-appellees' motion to confirm it but **REVERSE** the District Court's September 29, 2014 order awarding attorney's fees and costs to respondents-appellees because the award was not authorized under relevant law.

————

John T. Lillis, Jr., and Nathan T. Williams, Kennedy Lillis Schmidt & English, New York, NY, *for Petitioners-Appellants.*

2

Michael J. Frevola and F. Robert Denig, Holland & Knight LLP, New York, NY, *for Respondents-Appellees.*

————

JOSÉ A. CABRANES, *Circuit Judge*:

This appeal presents two questions. The first, which we dispose of in relatively short order, is whether the District Court erred in confirming an arbitration award. The second, which merits fuller discussion, is whether the party that prevailed in arbitration was entitled, by contract or statute, to recoup the fees and costs it incurred in seeking to confirm the arbitral award before the District Court.

Petitioners-appellants are Zurich American Insurance Co. ("Zurich") and Vinmar International, Ltd. ("Vinmar") (jointly, the "petitioner" or the "shipper"). The appeal challenges two orders of the United States District Court for the Southern District of New York (William H. Pauley III, *Judge*). In the first, entered on June 30, 2014, the District Court denied the petitioner's motion to vacate an arbitration award and granted the motion of respondents-appellees Team Tankers A.S. ("Team Tankers"), Eitzen Chemical USA ("Eitzen"), and the M/T Siteam Explorer (the "Siteam Explorer") (jointly, the "respondent" or the "carrier") to confirm it. In the second, entered on September 29, 2014, the District Court awarded the respondent its attorney's fees and costs.

We **AFFIRM** the District Court's June 30, 2014 order denying the petitioner's motion to vacate the arbitral award and granting the

respondent's motion to confirm it but **REVERSE** the District Court's September 29, 2014 order awarding attorney's fees and costs to the respondent because the award was not authorized under relevant law.

## BACKGROUND

In June 2008, Vinmar chartered from Team Tankers a ship called the M/T Siteam Explorer to move a large quantity of a chemical called acrylonitrile (ACN) from Houston, Texas to Ulsan, South Korea. J.A. 365; *Zurich Am. Ins. Co. v. Team Tankers A.S.*, No. 13-CV-8404 (WHP), 2014 WL 2945803, at *1 (S.D.N.Y. June 30, 2014). ACN is a versatile raw material that is, in its most valuable form, colorless. J.A. 368-70; *Zurich Am. Ins. Co.*, 2014 WL 2945803, at *1. Contact with other chemicals can cause ACN to "yellow" (i.e., become yellow in color), which is evidence of a change in composition that reduces its value. J.A. 365, 369-70; *Zurich Am. Ins. Co.*, 2014 WL 2945803, at *1-2.

Vinmar planned to find a buyer for its cargo in Ulsan, but the ACN market dropped while the Siteam Explorer was at sea. Accordingly, when the ship arrived in port in August 2008, the ACN was transferred into onshore tanks for storage. J.A. 365-66. At that time, the ACN remained "on specification" for color—that is, it had not begun to yellow. *Zurich Am. Ins. Co.*, 2014 WL 2945803, at *1; *see* J.A. 366.

Six weeks later, Vinmar tested the stored ACN and learned that it had yellowed beyond Vinmar's quality standards. J.A. 366. It

4

also tested a sample that had been carried on the Siteam Explorer but never exposed to the Ulsan shore tanks; it too had yellowed. J.A. 370; *Zurich Am. Ins. Co.*, 2014 WL 2945803, at *1. A sample pulled from tanks in Houston that had not been carried on the Siteam Explorer had not yellowed at all. J.A. 370.

Consistent with the charter agreement, Vinmar initiated arbitration before the Society of Maritime Arbitrators, Inc. ("SMA"). J.A. 366; *Zurich Am. Ins. Co.*, 2014 WL 2945803, at *2. Vinmar attempted to show that it had delivered the ACN to Houston in good order but that it had arrived contaminated in Ulsan. *See* J.A. 369-71. It argued that the ACN had been contaminated by a chemical called "pygas" previously carried in the Siteam Explorer's tanks. *See* J.A. 369.

On August 26, 2013, applying the Carriage of Goods by Sea Act ("COGSA"), 46 U.S.C. § 30701 note, the arbitration panel majority held that, for three reasons, Vinmar was not entitled to relief. It held, first, that Vinmar had not made out a *prima facie* case that the ACN had been damaged while aboard the vessel, J.A. 370-73; second, that even if Vinmar had made out a *prima facie* case, Team Tankers had shown that it exercised due diligence in transporting the cargo, J.A. 373-75; and third, that Vinmar had in any event failed to prove damages, J.A. 375-76.

Following the panel's decision, the shipper, Vinmar, petitioned the District Court on November 25, 2013 to vacate the award under section 10 of the Federal Arbitration Act ("FAA"), 9

5

U.S.C. § 1 *et seq.,*[1] arguing that the panel manifestly disregarded COGSA in reaching each of the three conclusions described above. *See* J.A. 13-16. In January 2014, the shipper learned that the panel chairman had died as a result of a brain tumor with which he had been diagnosed during the arbitration, and of which he never informed the parties. *Zurich Am. Ins. Co.*, 2014 WL 2945803, at *3, *8. Vinmar amended its petition to argue that that his failure to do so constituted "corruption" or "misbehavior" as those terms are used in the FAA. J.A. 483-86; *see* 9 U.S.C. § 10(a).

The District Court held that the arbitration panel had not manifestly disregarded the law in determining that Vinmar had not made out a *prima facie* case under COGSA; accordingly, the Court

---

[1] Title 9, United States Code, Section 10 provides, in relevant part:

> (a) In any of the following cases the United States court in and for the district wherein the award was made may make an order vacating the award upon the application of any party to the arbitration—
>
> > (1) where the award was procured by corruption, fraud, or undue means;
> >
> > (2) where there was evident partiality or corruption in the arbitrators, or either of them;
> >
> > (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
> >
> > (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

6

declined to address Vinmar's other manifest-disregard arguments. *Zurich Am. Ins. Co.*, 2014 WL 2945803, at *8. It likewise held that the panel chairman had not been guilty of "corruption" or "misbehavior." *Id.* at *8-11. On the authority of a provision in the charter agreement stating that "[d]amages for breach of this Charter shall include all provable damages, and all costs of suit and attorneys [sic] fees incurred in any action hereunder," the District Court awarded the respondent carrier the fees and costs it incurred in connection with the district court proceeding. *Id.* at *11.

On appeal, the petitioner shipper argues that the District Court erred in three respects: (1) concluding that the arbitral panel did not manifestly disregard the law; (2) concluding that the panel chairman had not been guilty of "corruption" or "misbehavior"; and (3) awarding attorney's fees and costs to the respondent carrier. We agree with the District Court's decision to uphold the arbitral award. We conclude, however, that it erred in awarding the respondent carrier its fees and costs.

## DISCUSSION

### I. The Arbitral Award

"[T]o avoid undermining the twin goals of arbitration, namely, settling disputes efficiently and avoiding long and expensive litigation," arbitral awards "are subject to very limited review." *Folkways Music Publishers, Inc. v. Weiss*, 989 F.2d 108, 111 (2d Cir. 1993). Under the United Nations Convention on the Recognition and Enforcement of Foreign Arbitral Awards, June 10,

7

1958, 21 U.S.T. 2517, 330 U.N.T.S. 38 (the "New York Convention"), which governs this dispute, a court must confirm an arbitral award "unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the said Convention." 9 U.S.C. § 207.[2]

The award in this case having been rendered in the United States, available grounds for vacatur include all the express grounds for vacating an award under the FAA. *See Yusuf Ahmed Alghanim & Sons v. Toys "R" Us, Inc.*, 126 F.3d 15, 23 (2d Cir. 1997) ("The [New York] Convention specifically contemplates that the state in which . . . the award is made, will be free to set aside or modify an award in accordance with its domestic arbitral law and its full panoply of express and implied grounds for relief."). As relevant here, the FAA permits a court to vacate an arbitral award "where there was evident partiality or corruption in the arbitrators," 9 U.S.C. § 10(a)(2), or "where the arbitrators were guilty . . . of any . . . misbehavior by which the rights of any party have been prejudiced," *id.* § 10(a)(3). A court may also "set aside an arbitration award if it was rendered in

_____

[2] Title 9, United States Code, Section 207—which is part of the statutory scheme that "implements the . . . New York Convention," *Schneider v. Kingdom of Thailand*, 688 F.3d 68, 71 (2d Cir. 2012)—reads in full as follows:

> Within three years after an arbitral award falling under the Convention is made, any party to the arbitration may apply to any court having jurisdiction under this chapter for an order confirming the award as against any other party to the arbitration. The court shall confirm the award unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the said Convention.

8

manifest disregard of the law." *Schwartz v. Merrill Lynch & Co., Inc.*, 665 F.3d 444, 451 (2d Cir. 2011) (internal quotation marks omitted).

We conclude that the shipper has not established any ground for vacating the arbitral award. On this point we agree entirely with the District Court's thorough analysis, *see Zurich Am. Ins. Co.*, 2014 WL 2945803, and thus touch only briefly on the shipper's arguments.

## A. Manifest Disregard of the Law

The shipper's first argument—that the arbitral panel manifestly disregarded the substantive law of COGSA—is easily rejected. "A litigant seeking to vacate an arbitration award based on alleged manifest disregard of the law bears a heavy burden . . . ." *T.Co Metals, LLC v. Dempsey Pipe & Supply, Inc.*, 592 F.3d 329, 339 (2d Cir. 2010) (internal quotation marks omitted). A court may vacate an arbitral award on this ground only if the court "finds both that (1) the arbitrators knew of a governing legal principle yet refused to apply it or ignored it altogether, and (2) the law ignored by the arbitrators was well defined, explicit, and clearly applicable to the case." *Wallace v. Buttar*, 378 F.3d 182, 189 (2d Cir. 2004) (alterations omitted).

The shipper's basic argument, briefly stated, is that the arbitration panel majority disregarded COGSA by requiring the shipper to prove the cause of the damage to its cargo, rather than properly applying COGSA's burden-shifting regime. *See Transatlantic Marine Claims v. OOCL Inspiration*, 137 F.3d 94, 98-99 (2d Cir. 1998) (describing COGSA's system of burdens and

9

presumptions). We disagree. As the District Court carefully explained, the panel majority recognized that COGSA permits a shipper to make a *prima facie* case by establishing that it delivered goods to a carrier in sound condition, and that the goods arrived in damaged condition following carriage. *See Zurich Am. Ins. Co.*, 2014 WL 2945803, at *5-8. The majority simply found that the shipper's evidence was insufficient to satisfy its initial burden under COGSA. *See* J.A. 373 ("Claimants have not shown, by a preponderance of evidence or otherwise, that the alleged contamination took place while the cargo was in the custody of the Siteam Explorer."); J.A. 371 (discussing weaknesses in the shipper's evidentiary showing). It is arguable that the shipper's evidence could have supported a contrary conclusion, but that does not show that the panel majority manifestly disregarded the law.

## B. "Corruption" and "Misbehavior"

The shipper's second argument is that the panel chairman was guilty of "corruption" or "misbehavior" because he failed to disclose his illness to the parties; such disclosure, the shipper argues, was required by the SMA Rules, which governed the conduct of the arbitration. We find this argument no more convincing than did the District Court. We will simply emphasize that the shipper's attempt to secure vacatur based on a violation of private arbitral rules runs headlong into the principle that parties may not expand by contract the FAA's grounds for vacating an award. *See Hall St. Assocs., LLC v. Mattel, Inc.*, 552 U.S. 576, 585-88 (2008). Parties may, of course, "tailor some, even many, features of arbitration by contract," *id.* at

10

586 (citation omitted); but if an arbitrator's failure to comply with arbitral rules, without more, could properly be considered "corruption" or "misbehavior," the FAA's grounds for vacatur would be precisely as varied and expansive as the rules private parties might choose to adopt. We accordingly reject this argument.

In sum, the shipper has established no ground on which to vacate the arbitral award. Accordingly, the District Court did not err in denying the shipper's motion to vacate the award and granting the carrier's motion to confirm it.

## II. The Award of Attorney's Fees & Costs

We conclude, however, that the District Court erred in awarding the respondent carrier the fees and costs it incurred in seeking to confirm the award, and pause to explain why we think the award untenable.

"Our basic point of reference when considering the award of attorney's fees is the bedrock principle known as the American Rule: Each litigant pays his own attorney's fees, win or lose, unless a statute or contract provides otherwise." *Baker Botts L.L.P. v. ASARCO LLC*, 135 S. Ct. 2158, 2164 (2015). In the proceeding below, the District Court determined that this "default rule," *id.* at 2168, was displaced by contract. The Court awarded fees and costs to the respondent carrier under a provision of the charter agreement which reads: "BREACH. Damages for breach of this Charter shall include all provable damages, and all costs of suit and attorney fees incurred in any action hereunder." J.A. 31.

11

We hold that this result was in error. By its terms, this provision authorizes a fee award *against* a party that breaches the charter agreement, as part of the non-breaching party's damages. There was no finding below, nor indeed any suggestion, that the petitioner shipper breached the charter agreement.

The respondent carrier argues that the award may be sustained on the theory that the shipper breached the parties' contract not through any conduct related to the transport of the shipper's cargo to South Korea, but through its conduct in litigation. The carrier reasons that the parties agreed to be bound by the arbitral panel's decision, and the shipper breached that understanding by resisting entry of judgment on the award.

For two reasons, we are unconvinced. First, the parties agreed to arbitrate, but they also consented to confirmation of the arbitral award in any court of competent jurisdiction. *See* J.A. 31. In so doing, they agreed that a federal court would have authority to confirm the award under the standards provided in the FAA. *See* 9 U.S.C. § 9 ("If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to arbitration, . . . any party to the arbitration may apply to the court . . . for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title."); *Phoenix Aktiengesellschaft v. Ecoplas, Inc.*, 391 F.3d 433, 436 (2d Cir. 2004). The parties having effectively incorporated FAA review into their contract, the argument that the shipper breached that

12

contract by making arguments the FAA permits is unconvincing. *See I/S Stavborg v. Nat'l Metal Converters, Inc.*, 500 F.2d 424, 426 (2d Cir. 1974) ("One purpose of [9 U.S.C. § 9] is to ensure that the parties have affirmatively agreed to the application of the federal substantive law contemplated by the Act to the interpretation of the arbitration agreement into which they have entered.").[3]

Second, even if the contract *did* oblige the shipper to forbear from resisting confirmation of the award, it would be to that extent unenforceable. Read that way, the contract would authorize a federal court to confirm the arbitral award while effectively preventing that court from ensuring that the award complied with the FAA. We have held that "[p]arties seeking to enforce arbitration awards through federal-court confirmation judgments may not divest the courts of their statutory and common-law authority to review both the substance of the awards and the arbitral process for compliance with § 10(a) and the manifest disregard standard." *Hoeft v. MVL Grp., Inc.*, 343 F.3d 57, 66 (2d Cir. 2003), *abrogated on other grounds by Hall St. Assocs.*, 552 U.S. at 584–85. Accordingly, we reject

---

[3] This is not to suggest that the parties' affirmative consent to confirmation was required before a federal court could confirm the arbitral award. It was not: the award in this case fell under the New York Convention, which (unlike the FAA) "does not in any way condition confirmation on express or implicit consent." *Phoenix Aktiengesellschaft*, 391 F.3d at 436; *see also* 9 U.S.C. § 207, note 2, *ante*. We simply conclude that the parties' decision to expressly include a consent-to-confirmation term in their contract convincingly demonstrates their intent to incorporate principles of FAA review into their agreement.

the argument that the shipper breached the charter agreement by seeking to vacate the award.

The carrier argues in the alternative that the award can be sustained under 28 U.S.C. § 1927,[4] which authorizes a court to assess "costs, expenses, and attorneys' fees" against any attorney who "so multiplies the proceedings in any case unreasonably and vexatiously." But an award under § 1927 is proper only "when there is a finding of conduct constituting or akin to bad faith." *State St. Bank v. Inversiones Errazuriz*, 374 F.3d 158, 180 (2d Cir. 2004) (internal quotation marks omitted). The attorney's actions must be "so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose such as delay." *Id.*

A finding of bad faith or improper purpose is not warranted on this record. The petitioner shipper's arguments on appeal (which mirror its arguments below) are not convincing. Yet the shipper ties its reasoning, however flawed, to recognizable legal concepts. Its manifest-disregard argument relies on the proposition, not on its face absurd, that arbitrators manifestly disregard the law when the facts they find flatly and obviously preclude the legal conclusions they reach. Its "corruption" and "misbehavior" arguments rely on the disclosure-based framework we have applied in evident-

---

[4] More accurately, the carrier states in conclusory fashion that the award can be upheld under 28 U.S.C. § 1927. *See* Respondent's Br. 51.

partiality cases. *See, e.g.*, *Applied Indus. Materials Corp. v. Ovalar*, 492 F.3d 132, 137-38 (2d Cir. 2007). These are, as we say, unconvincing arguments, but not so unconvincing as to *require* the conclusion that they are made for an improper purpose.

Perhaps something in the record could support a fee award under § 1927. But we have not found it, and the respondent carrier has made no effort to identify it. Accordingly, we must reverse the District Court's award of attorney's fees and costs.

## CONCLUSION

In sum, we hold that:

(1) The District Court did not err in denying the petitioner shipper's motion to vacate the arbitral award and granting the respondent carrier's motion to confirm it; but

(2) The District Court erred in awarding attorney's fees and costs to the respondent carrier.

We thus **AFFIRM** the District Court's order of June 30, 2014 confirming the arbitral award but **REVERSE** the District Court's order of September 29, 2014 awarding fees and costs.

15