Gaul v. Chrysler Fin. Servs. Am. LLC

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of July, two thousand sixteen.

PRESENT:
> DENNIS JACOBS,
> GUIDO CALABRESI,
> REENA RAGGI,
> > <u>Circuit Judges</u>.

_____

JEFFREY GAUL, PAULA S. GAUL,

> <u>Plaintiffs-Appellants</u>,

> v.                                                     **15-1337**

CHRYSLER FINANCIAL SERVICES
AMERICAS LLC, DAIMLER CHRYSLER
FINANCIAL SERVICES AMERICAN LLC,
DCFS TRUST, TD AUTO FINANCE LLC,
successor in interest to DaimlerChrysler,
Chrysler Financial <u>et al.</u>,

> <u>Defendants-Appellees</u>,

1

**EXPERIAN INFORMATION SOLUTIONS, INC., TRANS-UNION LLC, EQUIFAX INC., DEILY, MOONEY & GLASTETTER LLP,**

**Defendants.**[1]

_____

**FOR APPELLANTS:**     Jeffrey Gaul, pro se, Paula S. Gaul, pro se, Schenectady, NY

**FOR APPELLEES:**     Richard C. Maider, Jonathan D. Deily, Deily & Glastetter LLP, Albany, NY

Appeal from a judgment of the United States District Court for the Northern District of New York (McAvoy, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Jeffrey and Paula Gaul, pro se, appeal the district court's decisions compelling arbitration pursuant to an arbitration clause in the parties' car lease agreement, declining to lift the stay after the American Arbitration Association ("AAA") refused to conduct the arbitration, and denying class certification. The Gauls also generally challenge the constitutionality of filing fees. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review de novo the district court's grant of a motion to compel arbitration. Cohen v. UBS Fin. Servs., Inc., 799 F.3d 174, 177 (2d Cir. 2015). A court adjudicating a motion to compel arbitration applies "a standard similar to that applicable for a motion for summary judgment,"

---

[1] The Clerk of Court is directed to amend the official caption in this case to conform to the listing of the parties above.

considering whether there is any "triable issue of fact" as to the making of an agreement to arbitrate or failure to comply. Bensadoun v. Jobe-Riat, 316 F.3d 171, 175 (2d Cir. 2003); see 9 U.S.C. § 4 ("[U]pon being satisfied that the making of the agreement for arbitration or the failure to comply is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement.").

The Federal Arbitration Act ("FAA") "requires the federal courts to enforce arbitration agreements, reflecting Congress' recognition that arbitration is to be encouraged as a means of reducing the costs and delays associated with litigation." Vera v. Saks & Co., 335 F.3d 109, 116 (2d Cir. 2003) (per curiam). "In deciding whether a dispute is arbitrable, we must answer two questions: (1) whether the parties agreed to arbitrate, and, if so, (2) whether the scope of that agreement encompasses the claims at issue." Holick v. Cellular Sales of N.Y., LLC, 802 F.3d 391, 395 (2d Cir. 2015). Arbitration agreements contained in consumer contracts are enforceable. See AT & T Mobility LLC v. Concepcion, 563 U.S. 333 (2011).

As the district court determined, the Gauls raised no issue of fact to contest that they entered the agreement to arbitrate, or that the scope of the agreement embraced their claims against appellees. They signed the lease agreement, which contained a clear, unambiguous, legible, and broad clause providing, inter alia, that "any claim or dispute . . . which arises out of or relates to [the] Lease or any resulting transaction or relationship arising out of [the] Lease shall" be arbitrated if either party demands arbitration. See Supplemental App'x at 136-45; see also Holick, 802 F.3d at 395 ("[T]he existence of a broad agreement to arbitrate creates a presumption of arbitrability which is only overcome if it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute."). The Gauls'

3

claims concerned disputes over lease payments and thus arose out of or related to the lease agreement.[2]

We have not explicitly stated a standard of review over the denial of a motion to lift a stay, but the Gauls' challenge to that denial fails even if we consider the issue de novo. The record indisputably evidences that the Gauls in effect failed to comply with the district court's order compelling arbitration. Jeffrey Gaul bombarded the AAA with inappropriate, hostile, and threatening emails, which resulted in its refusal to conduct the arbitration. As the district court reasoned, litigants may not "obtain the result they prefer by sabotaging the process the law requires." Apr. 8, 2015, Decision & Order at 8 (Dist. Ct. Dkt. 155) (Supplemental App'x at 293); see Orion Shipping & Trading Co. v. E. States Petroleum Corp. of Panama, S.A., 284 F.2d 419, 421 (2d Cir. 1960) (party who has agreed to arbitration "should not be permitted to avoid it" by "merely running to the judge with charges so futile that they may reasonably appear to the court only a device for getting delay"); Motorola Credit Corp. v. Uzan, 561 F.3d 123, 129 (2d Cir. 2009) (the unclean hands doctrine "closes the doors of a court of equity to one tainted with inequitableness or bad faith relative to the matter in which he seeks relief" (quoting Precision Instrument Mfg. Co. v. Auto. Maint. Mach. Co., 324 U.S. 806, 814 (1945))). For these reasons, we affirm the district court's denial of the Gauls' motion to lift the stay, and its dismissal of the Gauls' claims.

---

[2] The record confirms that appellees properly demanded arbitration. The Gauls' contentions to the contrary (as well as their claims, e.g., that they did not sign the lease agreement) are "blatantly contradicted by the record, so that no reasonable jury could believe it," and therefore do not raise a triable issue of fact. Scott v. Harris, 550 U.S. 372, 380 (2007). Accordingly, there was no basis for an evidentiary hearing or jury trial on these issues. See Br. of Appellants at 18, 22; cf. 9 U.S.C. § 4 ("If the making of the arbitration agreement or the failure, neglect, or refusal to perform the same be in issue, the court shall proceed summarily to the trial thereof . . . .").

We review an order denying class certification for abuse of discretion. Myers v. Hertz Corp., 624 F.3d 537, 547 (2d Cir. 2010). The party seeking class certification has the burden to prove by a preponderance of the evidence that certification satisfies each Federal Rule of Civil Procedure 23(a) prerequisite and the applicable 23(b) requirements. Id. (citing Amchem Prods., Inc. v. Windsor, 521 U.S. 591, 614 (1997)). The district court did not abuse discretion in denying the Gauls' request for class certification because (1) the litigation had been properly stayed pending arbitration; and (2) the Gauls did not even attempt to demonstrate satisfaction of Rule 23.[3]

The Gauls lack standing to dispute the constitutionality of court filing fees: although they have paid their filings fees in this case, they challenge filing fees generally on behalf of "the People." Br. of Appellants at 27-29; see Connecticut v. Physicians Health Servs. of Conn., Inc., 287 F.3d 110, 116 (2d Cir. 2002) (standing is concerned with whether a party has a "sufficient stake" to obtain judicial resolution of "an otherwise justiciable controversy" (quoting Sierra Club v. Morton, 405 U.S. 727, 731-32 (1972))). The government has ensured access to the courts by establishing procedures by which filing fees are waived for inability to pay, see 28 U.S.C. § 1915; Fed. R. App. P. 24, and the Gauls did not seek such a waiver of fees as to this appeal in the district court or in this Court.

When the Gauls raised the same argument in connection with an attempted interlocutory appeal earlier in the litigation, the district court explained that none of the cases relied upon by the

---

[3] Relying on California's Discover Bank rule, the Gauls argue for the first time on appeal that the class action waiver in the arbitration agreement was unenforceable. But the Supreme Court held California's Discover Bank rule preempted by the FAA in AT & T Mobility v. Concepcion, 563 U.S. 333 (2011). Additionally, the Gauls have waived this argument by failing to raise it during district court proceedings. See Bogle-Assegai v. Connecticut, 470 F.3d 498, 504 (2d Cir. 2006) ("It is a well-established general rule that an appellate court will not consider an issue raised for the first time on appeal." (alterations omitted)).

5

Gauls "stand for the principle that courts are not permitted to charge fees to citizens who initiate actions. Those cases instead discuss the nature of sovereignty and federalism, the limits of state power, and the role of grand juries in the criminal system. . . . Plaintiffs have therefore provided no basis for the Court to conclude that, as a general matter, they are excused from paying the filing fees established by federal law." Dec. 2, 2014, Decision & Order at 4 (citing New York ex rel. Bank of Commerce v. Comm'rs of Taxes, 67 U.S. 620 (1862); Crandell v. Nevada, 73 U.S. 35, 44 (1867); Hale v. Henkel, 201 U.S. 43 (1906)) (Dist. Ct. Dkt. 140) (App'x of Appellants at 14).

We have considered the Gauls' remaining arguments and conclude that they are without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6