17-548-cv
Bergheim v. Sirona Dental Sys., Inc.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of October, two thousand seventeen.

PRESENT:   ROBERT D. SACK,
           REENA RAGGI,
           SUSAN L. CARNEY,
                 *Circuit Judges*.
------------------------------------------------------------------------
OLAV BERGHEIM, GHARIB MORTEZA,
           *Petitioners-Appellees*,

                         v.                              No. 17-548-cv

SIRONA DENTAL SYSTEMS, INC., ARGES IMAGING INC.,
           *Respondents-Appellants.*[*]
------------------------------------------------------------------------
APPEARING FOR APPELLANTS:      KELSI BROWN CORKRAN, Orrick, Herrington & Sutcliffe LLP, Washington, D.C. (Mark A. Robertson, Norton Rose Fulbright US LLP, New York, New York; Joy M. Soloway, Norton Rose Fulbright US LLP, Houston, Texas, *on the brief*).

APPEARING FOR APPELLEES:      JOHN D. ROESSER, Dechert LLP, New York, New York.

---

[*] The Clerk of Court is directed to amend the case caption as set forth above.

Appeal from a judgment of the United States District Court for the Southern District of New York (Laura Taylor Swain, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on January 26, 2017, is AFFIRMED.

Sirona Dental Systems, Inc., and Arges Imaging Inc. ("Sirona") appeal from a judgment confirming an arbitral award of damages for Sirona's breach of a May 5, 2011 merger agreement (the "Agreement") with Petitioners, the former shareholders of Arges Imaging Inc. Sirona argues that the district court should have vacated the award because the arbitrator (1) disregarded the plain terms of the Agreement in concluding that Petitioners were entitled to recover a $3 million bonus (the "Accuracy Earn-Out Provision") based on the proven accuracy of Apollo, their dental-imaging product; and (2) manifestly disregarded Delaware's prohibition on speculative damages in awarding Petitioners approximately $4 million under a provision tied to Apollo's expected revenues (the "Revenue Earn-Out Provision").[1] On appeal from the confirmation of an arbitration award pursuant to the Federal Arbitration Act ("FAA"), *see* 9 U.S.C. § 1 *et seq.*, we review the district court's legal conclusions *de novo* and its factual findings for clear error, *see Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 103 (2d Cir. 2013). In so doing, we assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

---

[1] Sirona advances no independent argument for vacating the arbitrator's award of interest, attorneys' fees, or costs, which we will not address further.

2

1.    <u>Arbitrator's Interpretation of the Accuracy Earn-Out Provision</u>

Sirona argues that the arbitration award cannot be reconciled with "the plain terms" of the Agreement's Accuracy Earn-Out Provision. Appellants' Br. 19. To secure vacatur on this ground, Sirona must do more than show that the arbitrator "committed an error—or even a serious error." *Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 671 (2010); *accord Jock v. Sterling Jewelers Inc.*, 646 F.3d 113, 122 (2d Cir. 2011). Rather, it must show that the arbitrator acted "outside the scope of his contractually delegated authority—issuing an award that simply reflects his own notions of economic justice rather than drawing its essence from the contract." *Oxford Health Plans LLC v. Sutter*, 133 S. Ct. 2065, 2068 (2013) (internal quotation marks and alterations omitted). As long as "the arbitrator (even arguably) interpreted the parties' contract," then "whether he got its meaning right or wrong," *id.*, confirmation is required if there is a "barely colorable justification for the outcome reached," *Leeward Constr. Co., Ltd. v. Am. Univ. of Antigua–Coll. of Med.*, 826 F.3d 634, 638 (2d Cir. 2016) (internal quotation marks omitted). The arbitrator here satisfied this standard.

Under the Accuracy Earn-Out Provision, Petitioners were "entitled to receive" $3 million "[i]f, and only if," within 18 months of the merger's closing, Apollo satisfied a negotiated list of "Product Finalization" requirements and secured a "Key Accuracy Number" score of 75 or greater during controlled testing. App'x 93. There is no question that Sirona declined to certify Apollo's compliance with the Product Finalization requirements during the 18-month period. The arbitrator determined,

3

however, that (1) such testing as was conducted indicated that Apollo had achieved a Key Accuracy Number score of 77 during the 18-month threshold, and (2) Sirona improperly withheld Product Finalization certification pending satisfaction of non-contractual criteria, some of which the parties had specifically negotiated to exclude from the Agreement. Thus, the arbitrator did not disregard the Agreement and base the award on extracontractual considerations, as in the cases Sirona cites. *Cf. Harry Hoffman Printing, Inc. v. Graphic Commc'ns Int'l Union Local 261*, 950 F.2d 95, 99 (2d Cir. 1991) (affirming vacatur of award in which arbitrator relied on notions of "elementary due process" rather than on contract); *In re Marine Pollution Serv., Inc.*, 857 F.2d 91, 93, 96 (2d Cir. 1988) (reversing confirmation of award premised on "practical effect[s]" and "guiding principle of equity" where no contract language authorized arbitrator's actions). Rather, she found the terms of the Agreement satisfied. Whether or not we would ourselves construe the Agreement to preclude Sirona from withholding certification in this manner, the arbitrator's interpretation was supported by at least a "barely colorable justification," which suffices to confirm the award. *Leeward Constr. Co. Ltd. v. Am. Univ. of Antigua–Coll. of Med.*, 826 F.3d at 638.

Sirona's argument that its certification was an express condition precedent merits little discussion, as the arbitrator concluded that Sirona's improper withholding of certification excused Petitioners' compliance with the condition. *See, e.g.*, *Seven Invs., LLC v. AD Capital, LLC*, 32 A.3d 391, 400 (Del. Ch. 2011) (explaining that party "may not escape contractual liability by reliance upon the failure of a condition precedent

4

where the party wrongfully prevented performance of that condition precedent" (internal quotation marks omitted)). Sirona's claim that the arbitrator found it not to have acted wrongfully, but to have engaged in good-faith commercially reasonable actions, is belied by the record. The arbitrator's good-faith finding related to Petitioners' Revenue Earn-Out claims, not its Accuracy Earn-Out claims. Indeed, the arbitrator explained that Sirona's breaches of these respective provisions were "two fundamentally different things." App'x 26.

2.    Application of Delaware Law to the Revenue Earn-Out Provision

Sirona concedes the arbitrator's authority to find that it breached its obligation to make "commercially reasonable efforts" to promote Apollo pursuant to the Revenue Earn-Out Provision, under which Petitioners were entitled to 10% of Apollo's revenues and 25% of its license fees for six years. Sirona argues only that the damages awarded for its breach were so speculative as to manifest disregard for Delaware law. To secure vacatur on this ground, Sirona bears a "heavy burden" because a court must "find[] both that (1) the arbitrator[] knew of a governing legal principle yet refused to apply it or ignored it altogether, and (2) the law ignored by the arbitrator[] was well defined, explicit, and clearly applicable to the case." *Zurich Am. Ins. Co. v. Team Tankers A.S.*, 811 F.3d 584, 589 (2d Cir. 2016) (internal quotation marks omitted). Because Sirona fails to satisfy the first requirement, we need not consider the second.

The arbitrator here did not ignore or refuse to apply Delaware law. To the contrary, she cited Delaware precedent proscribing awards of "speculative" damages,

5

App'x 52, and specifically concluded that Petitioners' damages calculations met Delaware's requirement that "damages be shown with reasonable certainty," *id.* at 53. Nothing more was required. *See, e.g.*, *Siga Techs., Inc. v. PharmAthene, Inc.*, 132 A.3d 1108, 1131 (Del. 2015) (explaining that Delaware law requires that expectation damages be proven "with reasonable certainty," not "precise certainty"). The arbitrator also did not disregard the "general rule" in Delaware prohibiting damages based on evidence of expected profits from a new business or technology. *Re v. Gannett Co.*, 480 A.2d 662, 668 (Del. Super. Ct. 1984). A general rule is, by definition, not an absolute bar, and Petitioners cite no caw law establishing that Delaware prohibits such damages.

Nor was the factual basis for the arbitrator's $4 million damages award speculative, as it was based on calculations performed by Petitioners' expert witness, who "relied on projections developed by Sirona itself." App'x 53; *see id.* at 53 n.10 (noting that Sirona's expert "did not offer" an alternative proposal and claimed that damages were "impossible" to calculate). To the extent Sirona disputes the arbitrator's factual findings on damages, they are beyond our review. *See Westerbeke Corp. v. Daihatsu Motor Co., Ltd.*, 304 F.3d 200, 213 (2d Cir. 2002) ("An arbitrator's factual findings are generally not open to judicial challenge, and we accept the facts as the arbitrator found them.") (internal quotation marks omitted).

6

3.    Conclusion

We have considered Sirona's other arguments and conclude that they are without merit.    Accordingly, we AFFIRM the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court