23-7593-cv; 23-7809-cv
*Shenzhen Lanteng Cyber Tech. Co. v. Amazon.com Servs., LLC*; *US Rising Star Inc. v. Amazon.com, Inc.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of October, two thousand twenty-four.

PRESENT:
> JOSEPH F. BIANCO,
> EUNICE C. LEE,
> MARIA ARAÚJO KAHN,
> *Circuit Judges.*

_____

SHENZHEN LANTENG CYBER TECHNOLOGY CO., LTD.,

> *Petitioner-Appellant,*

v.                                                                              23-7593

AMAZON.COM SERVICES, LLC, A DELAWARE LIMITED LIABILITY COMPANY, AMAZON.COM, INC., A DELAWARE CORPORATION,

> *Respondents-Appellees.*

_____

US RISING STAR INC.,

> *Petitioner-Appellant,*

v.                                                                              23-7809

AMAZON.COM, INC., DELAWARE CORPORATION, AMAZON.COM SERVICES, LLC, A DELAWARE LIMITED LIABILITY COMPANY,

*Respondents-Appellees*.

---

FOR PETITIONERS-APPELLANTS:      Julie Guo, Esq., New York, New York.

FOR RESPONDENTS-APPELLEES:      John Magliery, Davis Wright Tremaine LLP, New York, New York (John A. Goldmark, Arthur Simpson, Theo A. Lesczynski, Davis Wright Tremaine LLP, Seattle, Washington, *on the brief*).

Appeal from the judgments of the United States District Court for the Southern District of New York (Gregory H. Woods and Colleen McMahon, *Judges*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgments, entered on September 26, 2023 and October 18, 2023, are **AFFIRMED**.

In these tandem appeals, Shenzhen Lanteng Cyber Technology Co., Ltd. ("Lanteng") and US Rising Star Inc. ("Rising Star") (together, "Appellants") appeal from the district court's judgments confirming arbitration awards in favor of Amazon.com Services, LLC and Amazon.com, Inc. (together, "Amazon"). Lanteng and Rising Star previously operated as third-party sellers on Amazon's online marketplace. In 2021, Amazon suspended Lanteng's and Rising Star's accounts, accusing each company of manipulating customer reviews. After Lanteng and Rising Star admitted to offering compensation in exchange for positive reviews and failed to adequately verify the identities of their account holders, Amazon determined that each company had used its account to engage in deceptive, fraudulent, or illegal activity in violation of Amazon's Business Solutions Agreement (the "BSA") to which Appellants had agreed. Amazon then

2

terminated Lanteng's and Rising Star's third-party seller accounts and withheld approximately two weeks' worth of payments owed to each company as liquidated damages pursuant to Section 2 of the BSA.[1]  Lanteng and Rising Star filed demands for arbitration, arguing that:  (1) Section 2 was procedurally and substantively unconscionable; (2) Section 2 was unenforceable as a penalty provision; and (3) Amazon had breached the BSA by failing to disburse the withheld funds.  Both arbitrators denied Lanteng's and Rising Star's claims in their entirety and issued awards in favor of Amazon.  The district court affirmed both awards.  On appeal, Lanteng and Rising Star argue that the district court erred in denying their respective motions to vacate, and instead confirming the arbitration awards, because the arbitrators manifestly disregarded the law and enforcement of the arbitration awards would violate public policy.  We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision to affirm.

"In reviewing a district court's confirmation of an arbitral award, we review legal issues *de novo* and findings of fact for clear error."  *Banco de Seguros del Estado v. Mut. Marine Off., Inc.*, 344 F.3d 255, 260 (2d Cir. 2003).  Where, as here, "a party challenges the district court's review of an arbitral award under the manifest disregard standard, we review the district court's application of the standard *de novo*."  *Wallace v. Buttar*, 378 F.3d 182, 189 (2d Cir. 2004) (internal quotation marks and citation omitted).  It is well established, however, that "[a] motion to vacate filed in a federal court is not an occasion for *de novo* review of an arbitral award [itself]."  *Id.*

"A litigant seeking to vacate an arbitration award based on alleged manifest disregard of the law bears a heavy burden."  *Zurich Am. Ins. Co. v. Team Tankers A.S.*, 811 F.3d 584, 589 (2d

---

[1] Section 2 of the BSA provides:  "If we determine that your account . . . has been used to engage in deceptive, fraudulent, or illegal activity (including the sale of counterfeit goods), or to repeatedly violate our Program Policies, then we may in our sole discretion permanently withhold any payments to you."  No. 23-7593 App'x at 335 (emphasis omitted); No. 23-7809 App'x at 51 (emphasis omitted).

Cir. 2016) (alteration adopted) (internal quotation marks and citation omitted).  A reviewing court may vacate an arbitral award for manifest disregard of the law only if it "finds both that (1) the arbitrators knew of a governing legal principle yet refused to apply it or ignored it altogether, and (2) the law ignored by the arbitrators was well defined, explicit, and clearly applicable to the case." *Wallace*, 378 F.3d at 189 (alterations adopted) (internal quotation marks and citation omitted).  As we have emphasized, an arbitrator's "refusal or neglect to apply a governing legal principle clearly means more than error or misunderstanding with respect to the law." *Id* (internal quotation marks and citation omitted).  "A federal court cannot vacate an arbitral award merely because it is convinced that the arbitrat[or] . . . made the wrong call on the law." *Id.* at 190.  Instead, the "award should be enforced, despite a court's disagreement with it on the merits, if there is a barely colorable justification for the outcome reached." *Banco de Seguros del Estado*, 344 F.3d at 260 (internal quotation marks and citation omitted).  "With respect to contract interpretation, this standard essentially bars review of whether an arbitrator misconstrued a contract." *T.Co Metals, LLC v. Dempsey Pipe & Supply, Inc.*, 592 F.3d 329, 339 (2d Cir. 2010).

Here, Appellants argue that the arbitration awards in favor of Amazon should be vacated because the arbitrators manifestly disregarded Washington state law in concluding that Section 2 of the BSA was an enforceable liquidated damages provision rather than an unenforceable penalty clause.[2]  In particular, Appellants contend that the arbitrators manifestly disregarded the two-part test for determining whether liquidated damages clauses are enforceable as set forth in *Watson v. Ingram*, 124 Wash. 2d 845, 850 (1994) (en banc).  We disagree.  In *Watson*, the Supreme Court of Washington explained that liquidated damages clauses should be upheld if (1) "the amount fixed [is] a reasonable forecast of just compensation for the harm that is caused by the breach" and (2)

---

[2]  The parties agree that, pursuant to the BSA, Washington state law applies.

"the harm . . . is incapable or very difficult of ascertainment." *Id.* Despite Appellants' assertions to the contrary, both arbitrators referenced that two-part test and applied it to Section 2 of the BSA. In the award against Lanteng, the arbitrator cited *Watson* and concluded that Section 2 was not an unenforceable penalty clause because "the BSA's terms were a reasonable forecast of the harm caused by a breach" and "the harm caused by a breach of the BSA was not capable of being assessed at the time the parties entered into the BSA." No. 23-7593 App'x at 481. In the award against Rising Star, the arbitrator recited *Watson*'s two-part test and determined that Rising Star had "failed to establish that Section 2 of the BSA was either an unenforceable liquidated damages clause or an improper penalty clause" because, *inter alia*, "the amount of harm to Amazon from the reviews abuse is at least very difficult of accurate estimation" and "Amazon withholds at most only 14 days of a seller's accrued sales proceeds." No. 23-7809 App'x at 272–73.

Although Appellants disagree with the arbitrators' application of the *Watson* test, "[a] mere demonstration that [the arbitrators] . . . made 'the wrong call on the law' does not show manifest disregard." *Telenor Mobile Commc'ns AS v. Storm LLC*, 584 F.3d 396, 407 (2d Cir. 2009) (quoting *Wallace*, 378 F.3d at 190). Appellants further argue that the arbitrators did not provide enough reasoning to support their conclusions, but this does not evince manifest disregard either. *See T.Co Metals, LLC*, 592 F.3d at 339 ("Even where explanation for an award is deficient or non-existent, we will confirm it if a justifiable ground for the decision can be inferred from the facts of the case."). Because the arbitrators had at least a "colorable justification" for finding Section 2 enforceable, we conclude that Appellants have failed to meet their burden of establishing manifest disregard. *Banco de Seguros del Estado*, 344 F.3d at 260 (internal quotation marks and citation omitted).

Appellants additionally argue that the arbitration awards should be vacated because enforcing Section 2 of the BSA would violate Washington state's public policy. We find this argument unpersuasive. To be sure, we have recognized a narrow public policy exception with respect to arbitral awards "where enforcement would violate our most basic notions of morality and justice." *Europcar Italia, S.p.A. v. Maiellano Tours, Inc.*, 156 F.3d 310, 315 (2d Cir. 1998) (internal quotation marks and citation omitted). However, that exception only applies where *enforcement* of the arbitration award would violate public policy. *Commodities & Mins. Enter. Ltd. v. CVG Ferrominera Orinoco, C.A.*, 49 F.4th 802, 818–19 (2d Cir. 2022). When, instead, "a party claims that an *underlying contract* is invalid for violating public policy, that claim is 'to be determined exclusively by the arbitrators.'" *Id.* at 819 (emphasis added) (quoting *Europcar Italia*, 156 F.3d at 315). Here, Appellants contend that enforcing the arbitration awards would violate public policy because Section 2 violates Washington state's interests in fair dealing, fair competition, and customer protection. Although couched as a challenge to the enforcement of the awards, this argument is, in effect, another challenge to the validity of the underlying contract— namely, Section 2 of the BSA. Thus, this was an issue "to be determined exclusively by the arbitrators," and to the extent that Appellants claim that Washington state's interests in fair dealing, fair competition, and customer protection provide another basis for invalidating Section 2, they forfeited that claim by failing to raise it in arbitration. *Europcar Italia*, 156 F.3d at 315; *see also Commodities & Mins. Enter. Ltd.*, 49 F.4th at 818 ("In reviewing an arbitral award for violations of public policy, a court may not revisit or question the fact-finding or the reasoning which produced the award." (internal quotation marks and citation omitted)). In any event, Appellants have failed to provide a sufficient basis for concluding that *enforcement* of the awards would

violate "our most basic notions of morality and justice." *Europcar Italia*, 156 F.3d at 315 (internal quotation marks and citation omitted).

Finally, Rising Star separately asserts that the class action waiver in Section 18 of the BSA is unenforceable. However, that particular challenge was neither made before the arbitrator nor raised in the district court. Thus, we conclude that the argument is waived. *See Bogle–Assegai v. Connecticut*, 470 F.3d 498, 504 (2d Cir. 2006) ("It is a well-established general rule that an appellate court will not consider an issue raised for the first time on appeal." (alteration adopted) (internal quotation marks and citation omitted)); *see also Gaul v. Chrysler Fin. Servs. Ams. LLC*, 657 F. App'x 16, 18 n.3 (2d Cir. 2016) (summary order) (holding that a challenge to the enforceability of the arbitration agreement's class action waiver, which was raised for the first time on appeal, was waived).

\*     \*     \*

We have considered Appellants' remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgments of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court