24-3114-cv
*Sorial v. Robinhood Fin., LLC*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of November, two thousand twenty-five.

PRESENT:
> **DEBRA ANN LIVINGSTON,**
> *Chief Judge,*
> **BARRINGTON D. PARKER,**
> **SUSAN L. CARNEY,**
> *Circuit Judges.*

_____

Fady G. Sorial, Ramy G. Sorial,

       *Petitioners-Appellants*,

     **v.**                                      **24-3114**

Robinhood Financial, LLC,

       *Respondent-Appellee*.

_____

| | |
|---|---|
| **FOR PETITIONERS-APPELLANTS:** | FADY G. SORIAL, Ramy G. Sorial, pro se, Brooklyn, NY. |
| **FOR RESPONDENT-APPELLEE:** | Peter S. Fruin, (Richard J. Davis, *on the brief*), Maynard Nexsen P.C., Birmingham, AL. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Rochon, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Fady G. Sorial and Ramy G. Sorial ("the Sorials"), proceeding pro se, appeal from the district court's judgment denying their petition to vacate an arbitration award and granting Robinhood Financial LLC's cross-motion to confirm the award. In 2023, the Sorials filed a statement of claim against Robinhood alleging, among other things, that Robinhood had committed fraud. The parties agreed to submit the claims to a Financial Industry Regulatory Authority ("FINRA") arbitration panel, which denied the Sorials' claims after a hearing. In 2024, the Sorials petitioned the district court to vacate the arbitral award, and Robinhood cross-moved to confirm. The district court denied the Sorials' petition and granted Robinhood's cross-motion, concluding that the Sorials had failed to establish any valid ground under the Federal Arbitration Act for vacating the award. *Sorial v. Robinhood Fin., LLC*, 24-cv-02752 (JLR) 2024 WL 4893263 (S.D.N.Y. Nov. 25, 2024). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, which we set forth here only as necessary to explain our decision to **AFFIRM**.[1]

*     *     *

"This Court reviews a district court's decision to confirm or vacate an arbitration award de

---

[1] We also deny the Sorials' motion to file an oversized submission.

2

novo for questions of law," and for "clear error" for findings of fact. *Kolel Beth Yechiel Mechil or Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 103 (2d Cir. 2013). "The role of a district court in reviewing an arbitration award is narrowly limited and arbitration panel determinations are generally accorded great deference under the Federal Arbitration Act." *Id.* (internal quotation marks omitted). Because the Sorials have "been pro se throughout, [their] pleadings and other filings are interpreted to raise the strongest claims they suggest." *Sharikov v. Philips Med. Sys. MR, Inc.*, 103 F.4th 159, 166 (2d Cir. 2024).

The Federal Arbitration Act allows for vacatur of an award where (1) the award "was procured by corruption, fraud, or undue means"; (2) "there was evident partiality or corruption in the arbitrators"; (3) the arbitrators "were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy[,] or of any other misbehavior by which the rights of any party have been prejudiced"; or (4) they "exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." 9 U.S.C. § 10(a)(1)–(4); *see, e.g.*, *Schwartz v. Merrill Lynch & Co.*, 665 F.3d 444, 451 (2d Cir. 2011). "In addition, . . . we have held that the court may set aside an arbitration award if it was rendered in manifest disregard of the law." *Id.* at 451 (internal quotation marks and citation omitted).

For substantially the reasons described by the district court, we agree that the Sorials failed to establish any of the statutory bases for vacating the arbitral award. The Sorials' claims that the award was procured by fraud and corruption are entirely conclusory, as is their claim that the arbitration panel itself was corrupt or partial. *See Scandinavian Reinsurance Co. v. Saint Paul*

3

*Fire & Marine Ins. Co.*, 668 F.3d 60, 64, 72 (2d Cir. 2012) ("[A] showing of evident partiality may not be based simply on speculation." (internal quotation marks and citation omitted)). The Sorials also failed to demonstrate that the arbitrators engaged in misconduct of any sort, much less in a manner that prejudiced their rights. Their claims of "hidden" evidence are again conclusory. Next, the Sorials did not demonstrate that the panel exceeded or imperfectly executed its powers. The record reflects that the panel entered its decision only after holding a hearing, hearing testimony from the Sorials, and accepting voluminous exhibits. And the reasoning offered in the panel's award does not suggest that the panel addressed any issues beyond those the parties agreed to submit to the panel. *See Westerbeke Corp. v. Daihatsu Motor Co.*, 304 F.3d 200, 220 (2d Cir. 2002) (asking "whether the arbitrators had the power, based on the parties' submissions or the arbitration agreement, to reach a certain issue, not whether the arbitrators correctly decided that issue" (citation omitted)).

We further agree that the record does not show that the arbitration panel manifestly disregarded the law. "A court may vacate an arbitral award on this ground only if the court finds both that (1) the arbitrators knew of a governing legal principle yet refused to apply it or ignored it altogether, and (2) the law ignored by the arbitrators was well defined, explicit, and clearly applicable to the case." *Zurich Am. Ins. Co. v. Team Tankers A.S.*, 811 F.3d 584, 589 (2d Cir. 2016) (internal quotation marks and citation omitted). Here, the Sorials generally argued that Robinhood engaged in theft and money laundering in handling their accounts, and that the arbitration panel therefore erred in not ruling in the Sorials' favor. However, the Sorials failed to explain how Robinhood took their money or engaged in money laundering. Nor did the Sorials

4

offer any reason to question the arbitration panel's conclusions that they were not credible and had engaged in repeated attempts to make invalid transfers.

* * *

We have considered all of the Sorials' remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court