■ DONALD RUBIN, INC., et al., Respondents, v ROBERT SCHWARTZ et al., Appellants. [594 NYS2d 193] —Order, Supreme Court, New York County (Beatrice Shainswit, J.), entered March 11, 1992, which denied defendants' motion to compel plaintiffs to respond to interrogatories relating to mitigation of damages, unanimously reversed, on the law, with costs, and the motion is granted.

Plaintiffs commenced an action seeking damages arising from defendants' alleged breach of a contract pursuant to which plaintiffs were to provide consulting and administrative services to the defendants *(see, Donald Rubin, Inc. v Schwartz,* 160 AD2d 53). The corporate plaintiff Donald Rubin, Inc. is a sole proprietorship wholly owned by plaintiff Donald Rubin, and has as its sole officers, directors and employees Rubin and his wife. Rubin agrees that defendant retained the corporation for the purpose of obtaining his personal services; accordingly plaintiffs will be referred to hereafter as "Rubin."

Defendants moved pursuant to CPLR 3124 to compel discovery of Rubin's tax returns and other information pertinent to mitigation of damages, but the court denied the motion, reasoning that "[u]nder the contract, [Rubin's] services were not exclusive (i.e. [Rubin] was not prohibited from engaging in other businesses or activities), and [Rubin] is under no duty to mitigate. Therefore, the interrogatories at issue seek irrelevant matter."

Where there is a breach of a contract for full-time personal services, " '[t]he actual damage is measured by the wage that would be payable during the remainder of the term reduced by the income which the discharged employee has earned, will earn, or could with reasonable diligence earn during the unexpired term.' " *(Cornell v T. V. Dev. Corp.,* 17 NY2d 69, 74, quoting *Hollwedel v Duffy-Mott Co.,* 263 NY 95, 101.) It does not necessarily follow, however, that if the contract is not full-time, the nondefaulting party has no duty to mitigate damages *(see, Lane v D'Angelos,* 108 AD2d 727). The obligation to mitigate damages turns upon the particular facts in the individual case, and applies when the employee or contractor is freed from his or her obligation to perform services called for in the contract, and as a consequence may turn his or her

time and efforts, which otherwise would have been expended in performance of the contract, to other remunerative employment.

If the person relieved of his or her duties is *thereby* enabled to earn additional income, such additional income will mitigate the damages regardless of whether the contract requires full-time services *(Stern v Satra Corp.,* 539 F2d 1305, 1311-1312 [2d Cir 1976, applying New York law]). We emphasize *"thereby",* because if there is a factual finding that "the injured party could and would have entered into the subsequent contract, even if the contract had not been broken, and could have had the benefit of both, he [or she] can be said to have 'lost volume' and the subsequent transaction is not a substitute for the broken contract. The injured party's damages are then based on the net profit that he [or she] has lost as a result of the broken contract." (Restatement [Second] of Contracts § 347, comment *f,* illustration 16;* *see also,* § 350, comment *d,* illustration 10.) Thus, "gains which were or could have been received by the nondefaulting party by entering into another contract or transaction should be used in reducing damages caused by a breach of contract promise only where the breach gave rise to the opportunity to enter into those other contracts or transactions." (22 Am Jur 2d, Damages, § 34, at 57.)

As there is a reasonable possibility that evidence with respect to Rubin's mitigation of damages will be relevant at trial whether or not the parties' agreement is construed by the fact-finder to require Rubin's personal full-time performance, as to which there are conflicting indications in the limited record now before us, the defendants' motion to compel plaintiffs to respond to the interrogatories in question should have been, and is hereby, granted. Concur—Sullivan, J. P., Carro, Wallach, Asch and Rubin, JJ.

---

* "A contracts to pave B's parking lot for $10,000. B repudiates the contract and A subsequently makes a contract to pave a similar parking lot for $10,000. A's business could have been expanded to do both jobs. Unless it is proved that he would not have undertaken both, A's damages are based on the net profit he would have made on the contract with B, without regard to the subsequent transaction."