■ SAGITTARIUS BROADCASTING CORPORATION et al., Respondents, v EVERGREEN MEDIA CORPORATION, Appellant. [663 NYS2d 160] —Order, Supreme Court, New York County (Beatrice Shainswit, J.), entered on or about March 17, 1997, which, insofar as appealed from, denied defendant's motion for summary judgment dismissing plaintiff's causes of action for breach of contract and attorneys' fees, unanimously modified, on the law, to dismiss so much of the cause of action for breach of contract as seeks to recover for the lost business opportunity in Miami, and otherwise affirmed, without costs.

Lost profits cannot be recovered unless within the contemplation of the parties at the time the contract was entered into (*Ashland Mgt. v Janien*, 82 NY2d 395, 403). Here, the parties could not possibly have contemplated at the time the subject licensing agreement was entered into that a breach thereof would adversely affect plaintiffs' negotiations with the owner of a radio station in another market. Indeed, the crucial factor in those negotiations was not defendant's termination of the agreement, as such, but the reason assertedly justifying the termination, namely, the Federal Communications Commission's (FCC) repeated issuance of notices of apparent liability and its demands for monetary forfeitures, all occurring after the agreement was executed. While the owner of the Miami station may have been wary of broadcasting plaintiffs' radio program due to the FCC's attack upon the program's contents, defendant's termination of a contract providing for the broadcasting of plaintiffs' program in Chicago, without more, could not have been foreseen as a factor in the Miami station's decision. Accordingly, we modify to dismiss so much of the action as alleges the lost profits of the Miami opportunity.

Defendant's other arguments are without merit. The IAS Court correctly found that defendant is entitled to only a small credit out of the settlement proceeds received by plaintiff, representing the two-week overlap between the time period covered by defendant's contract and that with the other Chicago station. Defendant's claim that plaintiffs failed to mitigate damages involves a question of fact as to the reasonableness of plaintiff's asserted policy never to solicit business (*see, Donald Rubin, Inc. v Schwartz*, 191 AD2d 171). Finally, the indemnification clause of the subject contract is distinguishable from that involved in *Hooper Assocs. v AGS Computers* (74 NY2d 487), as are the fact patterns in the two cases. Here, the first sentence of the subject clause cannot reasonably be interpreted as limited to third-party claims, particularly in view of the second portion of that clause, which clearly pertains to third-party actions, thereby rendering the first part mere surplusage were it only applicable, as defendant maintains, to third-party actions. Accordingly, the cause of action for attorneys' fees is viable. Concur—Rosenberger, J. P., Ellerin, Williams, Tom and Colabella, JJ.