■ CORY S. ROBBINS, Respondent, v PROFILE RECORDS, INC., Appellant. [698 NYS2d 638] —Order, Supreme Court, New York County (Herman Cahn, J.), entered June 2, 1998, which, upon plaintiff's motion pursuant to CPLR 4403, confirmed in its entirety the report of the Special Referee, dated November 26, 1998, *inter alia*, awarding plaintiff attorney's fees in the sum of $160,431, unanimously affirmed, with costs.

Paragraph 5 of the parties' security agreement provided that defendant would indemnify plaintiff for attorney's fees "incurred by or asserted against [plaintiff] and arising from the occurrence of an Event of Default". Paragraph 2 of the security agreement defined defendant's failure to make payments under the subject promissory note as an event of default. Taken together, these provisions unequivocally refer to claims between the parties themselves and the award of attorney's fees pursuant to the indemnity clause was appropriate (*see, Sagittarius Broadcasting Corp. v Evergreen Media Corp.*, 243 AD2d 325; *Promuto v Waste Mgt.*, 44 F Supp 2d 628, 650-652).

Nor are we persuaded by defendant's argument that plaintiff is not entitled to attorney's fees because he did not honor the

notice and disclosure conditions of the indemnity clause. The indemnity clause did not require continuing notice each time the claim for legal fees increased. The summons and complaint in this action, which sought attorney's fees in the ad damnum, gave defendant actual notice of the claim, and proceedings and pleadings in the litigation, by their occurrence, informed defendant that plaintiff's fees were increasing.

We have considered defendant's other arguments and find them unavailing. Concur—Williams, J. P., Rubin, Saxe and Friedman, JJ.