■ MARK WIENER, Appellant, v LAWRENCE-PICASO, INC., et al., Respondents. [744 NYS2d 392] —Order and judgment (one paper), Supreme Court, New York County (Norman Ryp, J.), entered February 5, 2002, which, after a jury trial and upon the partial grant of defendants' motions to set aside the verdict, awarded plaintiff in this action for breach of an employment contract the total sum of $43,780.67, unanimously affirmed, without costs.

Plaintiff's family owned several properties in the Bronx and Manhattan (Ackerman Properties). In August 1997, Ackerman Properties agreed to hire defendants to manage their interests. At the same time, on August 26, 1997, plaintiff, a property manager, entered into an employment agreement with defendants for an initial three-year term with a provision for automatic renewal on a year-to-year basis. The agreement also provided, in relevant part, that it could be terminated by defendants in the event that plaintiff's actions constituted wilful nonperformance or malfeasance or if Ackerman Properties was no longer managed by defendants. Twenty-three months after entering into the agreement with plaintiff, defendants terminated his employment.

Following a trial, the jury returned a verdict awarding plaintiff $205,000. The jury concluded that defendants breached the employment agreement and that based on the agreement's automatic renewal provision, plaintiff would have remained

employed at defendants for an additional 3½ years after the initial term expired. Thereafter, the trial court granted defendants' posttrial motions to the extent of reducing the award of damages to the extent indicated above.

The trial court's finding, that the plaintiff should only be compensated for the remainder of the initial three-year term of the employment agreement less the unemployment benefits he received (*see, Cornell v T.V. Dev. Corp.*, 17 NY2d 69, 74), was warranted as a matter of law since there was "no valid line of reasoning and permissible inferences which could possibly lead rational men to the conclusion reached by the jury" that plaintiff would have remained employed by defendants beyond expiration of the initial nonterminable contract term (*see, Cohen v Hallmark Cards*, 45 NY2d 493, 499). The trial was replete with testimony demonstrating that plaintiff's actions, while in the defendants' employ, including failing to visit the buildings which he managed and forging the signatures of property owners on New York City multiple dwelling registration forms, constituted wilful nonperformance and malfeasance, and as such, justified nonrenewal of the employment agreement.

We have considered plaintiff's remaining contentions and find them unavailing. Concur—Williams, P.J., Saxe, Sullivan and Friedman, JJ.