■ ANDREW SIEGEL, Appellant, v LARIC ENTERTAINMENT CORP. et al., Respondents. [763 NYS2d 607] —Amended judgment, Supreme Court, New York County (Robert Lippmann, J.), entered April 25, 2002, which, upon a jury verdict, awarded

plaintiff $11,789, plus interest, costs and disbursements in this breach of employment contract action, and which brings up for review various rulings by the trial court, unanimously reversed, on the law, without costs, the judgment vacated, and the matter remanded for a new trial on the issues of liability and damages with respect to the third cause of action.

Initially, we find that the trial court properly dismissed plaintiff's first and second causes of action as plaintiff failed to establish that he was entitled to a 20% share of the defendant business and, further, submitted nothing more than speculation regarding the valuation of the business. The trial court erred, however, when it allowed plaintiff's $100,000 "contract ownership" claim to be submitted to the jury as plaintiff was clearly not entitled to such reimbursement under the terms of the contract. In any event, the jury properly disregarded that request.

With regard to plaintiff's third cause of action sounding in breach of contract for services rendered, the amended judgment must be reversed and a new trial ordered. The damages an employee is entitled to recover for breach of an employment agreement are the amount of wages and other benefits he/she would have received under the contract (*see Wiener v Lawrence-Picaso, Inc.*, 295 AD2d 273, 274 [2002], *lv denied* 99 NY2d 504 [2002]; *Rebh v Lake George Ventures,* 241 AD2d 801, 803 [1997]; *see also* 52 NY Jur 2d, Employment Relations § 249, at 442-443). The jury in this matter, notwithstanding its finding that plaintiff had performed all of his obligations under the contract, only awarded plaintiff compensation for wages owed him for the period prior to his termination, but neglected to include damages for the unexpired part of the minimum one-year term of the contract. This award reflects an apparent compromise by the jury and warrants reversal (*see Rainbow Food Corp. v Tasty Donut,* 180 AD2d 721, 723 [1992]).

Moreover, a new trial is also warranted, based upon the trial court's failure, despite plaintiff's counsel's request, to instruct the jury on PJI3d 4:21 (2003), entitled "Contracts—Breach of Employment Contract and Damages," which provides, in relevant part: "When there has been a breach of an employment contract, the employee is entitled to recover the amount of salary and other benefits that (he, she) would have received under the contract, less certain deductions [for failure to mitigate damages]."

Finally, we find that the trial court erred when it awarded interest from the date of the jury verdict, rather than from the date of the breach of contract. It is well established that dam-

ages are intended to return the parties to the point when the breach arose and to place the nonbreaching party in as good a position as it would have been had the contract been performed (*Goodstein Constr. Corp. v City of New York*, 80 NY2d 366, 373 [1992], citing Restatement [Second] of Contracts § 347, Comment *a*; § 344). Consequently, damages awarded in breach of contract actions are ordinarily ascertained as of the date of the breach (*Brushton-Moira Cent. School Dist. v Fred H. Thomas Assoc.*, 91 NY2d 256, 261 [1998]; *Rodriguez & Co. v Moore-McCormack Lines*, 32 NY2d 425, 429 [1973]).

The jury herein, by finding that defendants had breached the contract of employment, implicitly concluded that the breach occurred on the date plaintiff was terminated. Accordingly, any interest should have been computed from that termination date.

We have considered plaintiff's remaining contentions and consider them to be without merit. Concur—Nardelli, J.P., Tom, Andrias, Sullivan and Friedman, JJ.