■ AMERICAN CAPITAL ACCESS SERVICE CORPORATION et al., Appellants, v MARYAM MUESSEL, Respondent. [814 NYS2d 139]—

Order, Supreme Court, New York County (Richard B. Lowe, III, J.), entered November 2, 2005, which, inter alia, granted defendant's motion for summary judgment on her first counterclaim for breach and repudiation of contract and directed judgment in her favor in the amount of $3,133,705.01, with interest, unanimously affirmed, with costs.

Plaintiffs now concede that they anticipatorily breached the parties' 2004 employment agreement but maintain that defendant was not entitled to recover under section 8 (d)'s severance provision since she was terminated prior to the effective date of the agreement. However, their breach gave defendant the immediate right to sue for damages for total breach or to affirm the contract, obligating plaintiffs to perform under it (*see Computer Possibilities Unlimited v Mobil Oil Corp.*, 301 AD2d 70, 80 [2002], *lv denied* 100 NY2d 504 [2003]; *Rachmani Corp. v 9 E. 96th St. Apt. Corp.*, 211 AD2d 262 [1995]). Defendant was entitled to severance payments under the agreement.

Although plaintiffs argue that any damages defendant recovers must be reduced by money she actually earned or could have earned in mitigation, they never submitted proof in the motion court concerning mitigation, never sought discovery with respect to mitigation and never mentioned mitigation as an offset to defendant's claim for damages. Accordingly, they failed to meet their burden of proving a lack of diligent effort to mitigate damages (*see Cornell v T. V. Development Corp.*, 17 NY2d 69, 74 [1966]). Moreover, the 2004 agreement contained a no-mitigation clause and a severance provision, which, in essence, was a liquidated damages clause, exempting defendant from mitigating her damages (*see Musman v Modern Deb*, 50 AD2d 761 [1975]). Concur—Mazzarelli, J.P., Friedman, Marlow, Sullivan and Catterson, JJ. [*See* 11 Misc 3d 1066(A), 2005 NY Slip Op 52287(U) (2005).]