■ JUSTIN MITCHELL, Appellant-Respondent, v FIDELITY BORROWING LLC, Respondent-Appellant. [837 NYS2d 78]—

Order, Supreme Court, New York County (Sherry Klein Heitler, J.), entered September 7, 2006, which, to the extent appealed from, held plaintiff's motion for summary judgment on his breach of contract claim in abeyance pending a referee's report and denied plaintiff's motion for dismissal of defendant's first counterclaim for breach of agreement, and denied the alternative request to strike defendant's answer and first counterclaim, unanimously modified, on the law, plaintiff's motion for summary judgment as to liability on his breach of contract claim and to dismiss defendant's first counterclaim granted, and the matter remanded for a determination on damages giving consideration to defendant's claim of failure to mitigate, and otherwise affirmed, with costs in favor of plaintiff.

Plaintiff and defendant signed an employment agreement

which contained a clause providing that the plaintiff could only be terminated from his position as a consultant upon his "absolute failure to perform the contract's specification." Plaintiff was terminated four months after he began his employment and subsequently commenced this action alleging breach of the employment agreement. Defendant filed three counterclaims alleging breach of contract, negligence and fraud.

Finding that there could be differing interpretations of the termination clause, Supreme Court determined that there were triable issues of fact as to what constituted an "absolute" failure to perform and held the summary judgment motion in abeyance pending a report by a Special Referee after a trial on the merits to ascertain the proper interpretation of the contract language. Supreme Court granted plaintiff's motion to dismiss the counterclaims for negligence and fraud as duplicative, but denied the motion to dismiss the breach of contract counterclaim.

We now reverse the denial of plaintiff's motion for summary judgment on his breach of contract claim. The evidence establishes that during the four months of his employment, defendant paid out over $116,000 for marketing and advertising costs at plaintiff's direction. It also paid plaintiff $33,000 in salary and bonuses. There is no reasonable view of the evidence that would establish that plaintiff absolutely failed to perform under the employment contract. Accordingly, plaintiff is entitled to recoup the base salary he would have earned under the contract ($5,000 per month from May 12, 2004, the date he was terminated, until December 31, 2006) plus interest from the date he was terminated.

Because Supreme Court never reached the issue, there has been no determination as to whether the amount plaintiff would recover should be reduced by money he actually earned or could have earned in mitigation (see PJI3d 4:21 [2003]; American Capital Access Serv. Corp. v Muessel, 28 AD3d 395, 396 [2006]; Siegel v Laric Entertainment Corp., 307 AD2d 861, 862 [2003]). In response to the summary judgment motion, defendant raised the issue of whether plaintiff met his duty to mitigate damages, noting that for the year after his termination plaintiff claimed to earn only $5,000 from a magazine venture. This issue was also explored by defendant during plaintiff's examination before trial. Accordingly, while the Court finds that plaintiff is entitled to a finding in his favor on his first cause of action, the issue of damages must be remanded to Supreme Court for a determination of how much, if any, should be deducted for mitigation, or failure to mitigate, damages.

Furthermore, as a result of the conclusion that plaintiff did not absolutely fail to perform under the employment contract, defendant's counterclaims alleging that plaintiff breached the employment agreement must also be dismissed. Concur—Saxe, J.P., Sullivan, Nardelli, Gonzalez and Kavanagh, JJ.