*843 Order, Supreme Court, New York County (Bernard J. Fried, J.), entered April 30, 2009, which granted defendants’ motion for partial summary judgment to the extent of declaring their entitlement to reimbursement of (1) half the attorneys’ fees incurred in defense of a certain customs matter and (2) all the attorneys’ fees incurred in pursuing their counterclaims in this action, and referring the calculation of those fees to a special referee, unanimously affirmed, with costs.
To induce the individual defendants to purchase his shares in defendant corporation, plaintiff promised to pay certain “Guaranteed Obligations,” which are defined in article VI of the subject agreement as “one-half of all claims, actions, litigation, and other liabilities [,] costs and expenses (a) in [certain pending legal actions, including a customs matter] and (b) of any type or nature of the Company . . . which arise on account of the period up to and including the Closing Date, . . . provided, however, that in the event that the Seller is required to pay any Guaranteed Obligations under part (b) of this sentence: (x) the Company and the Seller shall agree together on how to defend and dispose of such Guaranteed Obligations (such as the imposition of counterclaims, litigation strategy, settlement decisions and the like) except that the Seller shall choose counsel after consultation with the Buyer and the Company, . . . (y) the Seller shall not be obligated to make payments on Guaranteed Obligations that first arise after September 1, 2006, and (z) the Seller’s obligation to make payments on such Guaranteed Obligations shall commence when the Company’s fees and costs (including attorney’s fees) equal $100,000, at which point the Seller shall be obligated for his half of such initial $100,000 plus one-half of all additional amounts expended in or constituting such Guaranteed Obligations.” Furthermore, “provided [defendants] are successful in establishing [plaintiff’s] liability under this guarantee,” plaintiff promised to pay “all out-of-pocket expenses (including reasonable attorneys’ fees and disbursements) . . . incurred by [defendants] ... in enforcing or collecting upon this Guaranty.”
The motion court concluded that the agreement required plaintiff to pay half the attorneys’ fees incurred by defendants in defending the customs matter referred to in part (a) of article VI. In so concluding, the court read the phrase “all claims, actions, litigation, and other liabilities, costs and expenses” as broad enough to include indemnification of attorneys’ fees incurred in litigation against third parties, and the specific reference to such fees in part (b) as simply “a straightforward clarification of the costs and expenses that should be counted to reach the $100,000 mark.”
*844 We agree with the motion court’s conclusion that article VI unambiguously requires payment of attorneys’ fees as to part (a) matters. The clause “all claims, actions, litigation, and other liabilitiesE,] costs and expenses” constitutes broad language that is generally interpreted to encompass attorneys’ fees (see e.g. DiPerna v American Broadcasting Cos., 200 AD2d 267, 270 n 3 [1994]; Breed, Abbott & Morgan v Hulko, 74 NY2d 686 [1989], affg 139 AD2d 71, 74 [1988]). Plaintiff contends, however, that reading the clause to include attorneys’ fees would render the specific references to such fees in the other provisions of article VI as “mere surplusage” (citing Sagittarius Broadcasting Corp. v Evergreen Media Corp., 243 AD2d 325, 326 [1997]). This argument is unpersuasive because the clause containing the first parenthetical reference to attorneys’ fees effectively defines the term “expenses” to include attorneys’ fees. That same term later appears in the definition of “Guaranteed Obligations,” and thus there was no need to repeat what is clear from the first parenthetical reference. Moreover, the second parenthetical reference, in clause (z), follows the words “fees and costs,” and makes clear that attorneys’ fees also fall within the scope of one or both words. In any event, the second parenthetical reference does not render equivocal the clear statement that the term “expenses” includes “attorneys’ fees.” Concur—Andrias, J.P., Friedman, McGuire, Acosta and DeGrasse, JJ.