■ PAMELA GALLAGHER, M.D., Respondent, et al., Plaintiff, v LONG ISLAND PLASTIC SURGICAL GROUP, P.C., Appellant. [978 NYS2d 334]—

The plaintiff Pamela Gallagher (hereinafter the plaintiff) allegedly was approached by the defendant to discuss the possibility of it hiring her and merging her plastic surgery practice with the defendant's practice. After a series of oral discussions on the subject, the plaintiff submitted a proposed contract to the defendant. Over the course of several months of negotiations, the parties allegedly agreed on the material terms of the merger, which were expressed in an October 2008 written agreement which the parties anticipated would be mutually signed, allegedly at the end of November 2008. However, neither party signed the agreement. In early December, the defendant repudiated the October agreement. The plaintiff commenced this action, inter alia, to recover damages for breach of contract, alleging that the defendant had entered into an enforceable obligation to consolidate the practices on the terms expressed in the written agreement, even though it was never signed. After a jury trial, a verdict was entered, inter alia, in favor of the plaintiff and against the defendant on the breach of contract cause of action. The defendant moved pursuant to CPLR 4404 (a) to set aside the verdict on that cause of action on the ground that the evidence was insufficient as a matter of law to prove

the existence of an enforceable contract or, in the alternative, to set aside the verdict on that cause of action as contrary to the weight of the evidence and for a new trial on that cause of action. The Supreme Court denied the motion.

Generally, where the parties contemplate that a signed writing is required, there is no contract until one is delivered (*see Matter of Municipal Consultants & Publs. v Town of Ramapo*, 47 NY2d 144, 148 [1979]; *Scheck v Francis*, 26 NY2d 466, 469-470 [1970]). However, "an unsigned contract may be enforceable, provided there is objective evidence establishing that the parties intended to be bound" (*Flores v Lower E. Side Serv. Ctr., Inc.*, 4 NY3d 363, 369 [2005]). " 'In determining whether the parties entered into a contractual agreement and what were its terms, it is necessary to look . . . to the objective manifestations of the intent of the parties as gathered by their expressed words and deeds' " (*id.* at 368, quoting *Brown Bros. Elec. Contrs. v Beam Constr. Corp.*, 41 NY2d 397, 399 [1977]). "[W]here a question of intention is determinable by written agreements, the question is one of law" (*Mallad Constr. Corp. v County Fed. Sav. & Loan Assn.*, 32 NY2d 285, 291 [1973]). By contrast, "where the intent must be determined by disputed evidence or inferences outside the written words of the instrument . . . a question of fact [is] presented" (*id.*). "[T]he aim [of the court] is a practical interpretation of the expressions of the parties to the end that there be a realization of [their] reasonable expectations" (*Sutton v East Riv. Sav. Bank*, 55 NY2d 550, 555 [1982] [internal quotation marks omitted]).

Contrary to the defendant's contention, the October 2008 agreement does not, on its face, demonstrate that the parties did not intend to be bound prior to formal execution (*see Kowalchuk v Stroup*, 61 AD3d 118, 124 [2009]; *cf. Moulton Paving, LLC v Town of Poughkeepsie*, 98 AD3d 1009, 1011 [2012]; *ADCO Elec. Corp. v HRH Constr., LLC*, 63 AD3d 653, 654 [2009]). Moreover, the objective evidence of the parties' course of conduct supports the conclusion that the parties intended to be bound by the terms of the unsigned agreement (*see Flores v Lower E. Side Serv. Ctr., Inc.*, 4 NY3d at 369). Testimony and documentary evidence adduced at trial demonstrated that the parties had negotiated and agreed upon the major terms of the merger, which were expressed in the October agreement reflecting the parties' various modifications. Additionally, trial evidence showed that both parties had begun performing under the agreement, including the hiring by the defendant of two of the plaintiff's key employees. Under these circumstances, the evidence was sufficient to prove the existence of a binding agree-

ment, and the jury's finding of such an agreement was not contrary to the weight of the evidence (*see Cohen v Hallmark Cards*, 45 NY2d 493, 499 [1978]).

Accordingly, the Supreme Court properly denied the defendant's motion pursuant to CPLR 4404 (a) to set aside the verdict and for judgment as a matter of law on the cause of action asserted by the plaintiff to recover damages for breach of contract or, in the alternative, to set aside the verdict on that cause of action as contrary to the weight of evidence and for a new trial on that cause of action. Mastro, J.P., Roman, Miller and Hinds-Radix, JJ., concur.