■ ABAX LOTUS LTD. et al., Appellants, v CHINA MOBILE MEDIA TECHNOLOGY INC. et al., Defendants, and ZHANG ZHENGYU, Respondent. [53 NYS3d 29]—

Orders, Supreme Court, New York County (O. Peter Sherwood, J.), entered December 14, 2015, which denied plaintiffs' motion for partial summary judgment on the claims asserted against defendant Zhang, and granted Zhang's motion for summary judgment dismissing the claims against him, unanimously modified, on the law, to deny Zhang's motion for summary judgment, and reinstate the claims asserted against him, and to grant plaintiffs' motion for summary judgment on its claim for liquidated damages in connection with the breach of section 2 (e) of the Investors Rights Agreement, and otherwise affirmed, without costs.

The court erred in dismissing plaintiffs' claims based on its finding that the indemnification provision in the Investors Rights Agreement is limited to third-party claims. Rather, the provision, which states that indemnification applies to any loss "whether or not arising out of any claims by or on behalf of any third party," and includes a distinct section referencing third-party claims, clearly implies that the parties intended the provision to apply to certain intra-party claims (*see Sagittarius Broadcasting Corp. v Evergreen Media Corp.*, 243 AD2d 325, 326 [1st Dept 1997]).

The court also erred to the extent it declined to find that defendant Dr. Zhang could be held individually liable, either directly or as an indemnitor, for certain alleged breaches under the Investors Rights Agreement, to which he, along with another "Controlling Shareholder," is a named party. The agreement set forth certain obligations on Dr. Zhang, including, as relevant here, to cause each "Group Company" to fulfill the covenants and agreements in section 2, and to jointly and severally indemnify plaintiffs for losses in connection with any breach of a covenant or agreement in the Investors Rights Agreement.

Given the above, the claims are reinstated, and since the rec-

ord evidence shows that Dr. Zhang breached his section 2.2 (e) obligation to cause the Group Company to retain a qualified accounting firm, and that the parties agreed to liquidated damages in the event the accounting firm was not hired within the requisite time frame, plaintiffs are entitled to summary judgment on their claim for liquidated damages in connection with this breach. On the other hand, issues of fact exist with respect to the remaining claims, including the claim seeking indemnification in connection with the Group Company's section 7.1 failure to redeem warrants tendered by plaintiffs. Given the strict manner in which indemnification clauses are construed, especially when imposing obligations similar to a guaranty (*see Weissman v Sinorm Deli*, 88 NY2d 437 [1996]), it is not clear, as a matter of law, that the parties intended the section 8 indemnification provision to encompass the Group Company's failure to redeem the warrants. Concur—Sweeny, J.P., Richter, Andrias, Webber and Gesmer, JJ.