Crown Wisteria, Inc. v Cibani (2019 NY Slip Op 08950)





Crown Wisteria, Inc. v Cibani


2019 NY Slip Op 08950


Decided on December 12, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 12, 2019

Richter, J.P., Manzanet-Daniels, Webber, Gesmer, JJ.


10570 651307/18

[*1] Crown Wisteria, Inc., Plaintiff-Appellant-Respondent,
v
Fiona Madeline Cibani, Defendant-Respondent-Appellant, Shawmut Woodworking & Supply doing business as Shawmut Design and Construction, Defendant.


Stamell & Schager, LLP, New York (Andrew R. Goldenberg of counsel), for appellant-respondent.
Ingram Yuzek Gainen Carroll & Bertolotti, LLP, New York (Maurizio Anglani of counsel), for respondent-appellant.



Order, Supreme Court, New York County (Melissa A. Crane, J.), entered January 22, 2019, which denied plaintiff's motion for partial summary judgment on its breach of contract cause of action and for attorney's fees based on the parties' license agreement, and denied defendant's motion for summary judgment dismissing the complaint, unanimously modified, on the law, to grant plaintiff's motion for partial summary judgment on liability, and remand for a determination of the amount of damages and plaintiff's attorneys' fees, and otherwise affirmed, without costs.
Where a contract is clear and unambiguous on its face, the intent of the parties must be determined from the four corners of the agreement, not from extrinsic evidence (see Millennium Holdings LLC v Glidden Co., 146 AD3d 539, 551 [1st Dept 2017]), and the agreement "must be enforced according to the plain meaning of its terms" (Greenfield v Philles Records, Inc., 98 NY2d 562, 569 [2002]).
Here, the language of the license agreement is clear. Defendant Cibani was required to install brick in a new party wall that "matches" the brick on the facade, but failed to do so. In fact, Cibani had found such matching brick prior to entering into the license agreement, but chose to use a cheaper brick that does not match.
Moreover, Cibani agreed to hold plaintiff harmless from the attorneys' fees it incurred because of the construction work she performed. The indemnification clauses in the license agreement were neither limited to a specific list of items, nor did they explicitly limit indemnification to third-party claims (see Crossroads ABL LLC v Canaras Capital Mgt., LLC, 105 AD3d 645
[1st Dept 2013]; see also Abax Lotus Ltd. v China Mobile Media Tech. Inc., 149 AD3d 535 [1st Dept 2017], lv dismissed 30 NY3d 1090 [2018]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 12, 2019
DEPUTY CLERK