Matter of Credit Suisse Sec. (USA) LLC v Finn (2020 NY Slip Op 02371)





Matter of Credit Suisse Sec. (USA) LLC v Finn


2020 NY Slip Op 02371


Decided on April 23, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 23, 2020

Acosta, P.J., Richter, Manzanet-Daniels, Gische, Kapnick, JJ.


11410 655870/18

[*1]In re Credit Suisse Securities (USA) LLC, Petitioner-Appellant,
v
Nicholas B. Finn, Respondent-Respondent.


Dewey Pegno & Kramarsky LLP, New York (David S. Pegno of counsel), for appellant.
Lax & Neville LLP, New York (Robert R. Miller of counsel), for respondent.



Judgment, Supreme Court, New York County (Jennifer G. Schecter, J.), entered May 13, 2019, confirming an arbitration award and awarding damages to respondent, unanimously modified, on the law, to exclude the amount awarded in severance pay, and otherwise affirmed, without costs.
Petitioner seeks to vacate an arbitration award finding it liable to respondent, a former investment adviser in its U.S. private banking division, for deferred compensation benefits that had not yet vested before his departure. It is undisputed that, if respondent were involuntarily terminated without cause, these benefits would immediately vest, but that if he voluntarily resigned, he would forfeit any right thereto.
The arbitration panel did not engage in misconduct in excluding certain evidence, as this did not violate fundamental fairness (see 9 USC § 10[a][3]; Tempo Shain Corp. v Bertek, Inc., 120 F3d 16, 20 [2d Cir 1997]). Evidence of respondent's negotiations with certain other potential employers was reasonably excluded as cumulative. The panel also acted reasonably in proceeding without the live testimony of a particular defense witness when scheduling difficulties prevented his timely appearance, as several other defense witnesses had already testified, and his testimony in an earlier, similar case was available for review. The panel assured petitioner that it was capable of setting aside any testimony not relevant to the instant dispute, and there is no indication that it did not do so.
Vacatur is also not warranted on the basis of manifest disregard of the law, which requires a finding that the arbitrators refused to apply or altogether ignored a governing legal principal of which they knew and that the law so ignored was well defined, explicit, and clearly applicable to the case (see Zurich Am. Ins. Co. v Team Tankers A.S., 811 F3d 584, 589 [2d Cir 2016]). Contrary to petitioner's contention, the law is not clear that its announcement of the closing of the U.S. private banking division, i.e., respondent's inevitable termination, did not constitute a constructive discharge (see Chertkova v Connecticut Gen. Life Ins. Co., 92 F3d 81, 89-90 [2d Cir 1996]; Lopez v S.B. Thomas, Inc., 831 F2d 1184, 1188 [2d Cir 1987]; Bader v Special Metals Corp., 985 F Supp 2d 291, 310 [ND NY 2013]; see also generally Morris v Schroder Capital Mgt. Intl., 7 NY3d 616, 621 [2006]). Unlike the cases relied upon by petitioner, this case does not involve the employer company's purchase or acquisition by another company (see Evans v Winston & Strawn, 303 AD2d 331, 333 [1st Dept 2003]; Criscuolo v Joseph E. Seagram & Sons, Inc., 2003 WL 22415753, *8, 2003 US Dist LEXIS 18991, *25-26 [SD NY, Oct. 21, 2003]; Boss v Advanstar Communications, Inc., 911 F Supp 109, 110, 112 [SD NY 1995]).
The panel also did not ignore or refuse to apply clear law governing the calculation of damages. Although damages for breach of an employment agreement may be offset by replacement compensation paid by a new employer (see Cornell v T.V. Dev. Corp., 17 NY2d 69, 74 [1966]; Donald Rubin, Inc. v Schwartz, 191 AD2d 171, 172 [1st Dept 1993]), the arbitration [*2]panel could reasonably have concluded that the transition payments respondent received from his new employer did not in fact "replace" the deferred compensation benefits withheld by petitioner, as they were subject to additional conditions and restrictions (see In re Lehman Bros. Holdings Inc., 703 Fed Appx 18, 22 [2d Cir 2017]). Moreover, unlike the compensation at issue in the cases relied upon by petitioner, respondent's right to the benefits at issue vested upon his termination without cause. Petitioner offers no authority for the proposition that mitigation or offset is a defense to payment of vested compensation - at least where, as here, the new company was under no obligation to make a replacement payment (see id. at 21-22).
The arbitrators, however, exceeded their authority by making an award of severance pay, since the issue was not validly before them.
We have considered petitioner's remaining arguments and find them unavailing. In light of this disposition, we need not reach respondent's argument regarding possible alternative bases for the award.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 23, 2020
CLERK