GLCA Sec., LLC v AGC Networks, Inc. (2021 NY Slip Op 03278)





GLCA Sec., LLC v AGC Networks, Inc.


2021 NY Slip Op 03278


Decided on May 25, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 25, 2021

Before: Renwick, J.P., Webber, González, Scarpulla, JJ. 


Index No. 650759/19 Appeal No. 13912 Case No. 2020-03538 

[*1]GLCA Securities, LLC, Plaintiff-Respondent-Appellant,
v
AGC Networks, Inc., Defendant-Appellant-Respondent.


Meyer, Suozzi, English & Klein, P.C., Garden City (Kevin Schlosser of counsel), for appellant-respondent.
Amini LLC, New York (Noam Besdin of counsel), for respondent-appellant.



Order, Supreme Court, New York County (Debra A. James, J.), entered on or about July 20, 2020, which inter alia, granted plaintiff's motion for summary judgment on its breach of contract claim, awarded plaintiff attorneys' fees, and referred computation of breach of contract damages and attorneys' fees to a special referee, unanimously modified, on the law, to vacate the order of reference only with respect to the breach of contract damages, and remand to the court to calculate plaintiff's breach of contract damages, and otherwise affirmed, with costs.
Plaintiff and defendant entered into an agreement pursuant to which plaintiff was to provide financial advisory and investment banking services in connection with defendant seeking outside financing for its acquisition of a business. There is no ambiguity in the parties' agreement (see Riverside S. Planning Corp. v CRP/Extell Riverside, L.P., 13 NY3d 398, 404 [2009]). The agreement plainly states that plaintiff was to provide services, as defined in the scope of engagement, and that plaintiff's fee was to be determined as a percentage of the ultimate financing obtained to facilitate the acquisition. There is nothing in the agreement tying plaintiff's right to compensation to plaintiff itself obtaining the sought-after financing. The agreement is not ambiguous simply because defendant argues for an alternative interpretation (see Dreisinger v Teglasi, 130 AD3d 524, 527 [1st Dept 2015]).
Further, the agreement's indemnification clause states that defendant was also to reimburse plaintiff for all expenses as "incurred in connection with enforcing [plaintiff's] rights under the [a]greement." As plaintiff's "rights" under the agreement include its right to receipt of compensation, the award of counsel fees was proper (see Abax Lotus Ltd. v China Mobile Media Tech. Inc., 149 AD3d 535 [1st Dept 2017], lv dismissed 30 NY3d 1090 [2018]; Crossroads ABL LLC v Canaras Capital Mgt., LLC, 105 AD3d 645 [1st Dept 2013]; cf. Hooper Assoc. v AGS Computers, 74 NY2d 487, 491-492 [1987]).
As "all proof necessary to determine the appropriate damage award was before the court," referral to a special referee as to computation of contract damages was unnecessary (Domino Media v Kranis, 215 AD2d 278, 278 [1st Dept 1995]; see Hixon v 12-14 E. 64th Owners Corp., 176 AD3d 480 [1st Dept 2019]). The percentages that plaintiff was to receive for its services pursuant to the agreement were detailed, and the amounts to which they applied were likewise specified. To the extent defendant argues that there is an issue of fact as to which entities provided the funding, defendant admitted in its verified answer that the funding was provided by two separate entities
and in two distinct amounts (see Performance Comercial Importadora E Exportadora Ltda v Sewa Intl. Fashions Pvt. Ltd., 79 AD3d 673, 674 [1st Dept 2010]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED[*2]: May 25, 2021