| |
|---|
| **Kaufman v Hirsch** |
| 2024 NY Slip Op 31101(U) |
| April 2, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 161183/2020 |
| Judge: Sabrina Kraus |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | |
|---|---|
| PRESENT: **HON. SABRINA KRAUS** | PART 57M |
| _Justice_ | |

-------------------------------------------------------------------X

SETH D KAUFMAN, MARNI S KAUFMAN,

                Plaintiff,

            - v -

JEREMY HIRSCH, GALA REMODELING
LLC,CHRYSOSTOMOS GIANNIKOUROS, 207 EAST 74TH
STREET OWNERS CORP., MAXWELL-KATES INC.,BRIAN
LUSTBADER, BRIAN DEITELZWEIG, WILL PAWLOWSKI,
LINDA SHAPIRO, MARGARET TAO

                Defendant.

-------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 161183/2020 |
| MOTION DATE | 07/20/2023, 08/17/2023 |
| MOTION SEQ. NO. | 002 003 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 95, 96, 97, 98, 99, 103

were read on this motion to/for        SUMMARY JUDGMENT(AFTER JOINDER   .

The following e-filed documents, listed by NYSCEF document number (Motion 003) 75, 76, 77, 78, 79, 80, 81, 82, 83, 94, 100, 101, 102, 104, 106

were read on this motion to/for           JUDGMENT - SUMMARY     .

## BACKGROUND

This is an action to recover damages to property allegedly sustained by plaintiffs on or about January 2, 2020, when their apartment, located at 207 East 74th Street in Manhattan, and personal property were covered in construction dust from a construction project in a neighboring apartment. Defendant Jeremy Hirsch ("Hirsch") is the resident of the neighboring apartment. Defendant 207 East 74th Street Owners Corp. (the "Board") owns the building where both plaintiffs and Hirsch's apartments are located. Plaintiffs assert causes of action for negligence, trespass, breach of contract, breach of warranty of habitability, private nuisance, breach of covenant of quiet enjoyment/constructive eviction, breach of fiduciary duty, and punitive damages.

161183/2020  KAUFMAN, SETH D vs. HIRSCH, JEREMY
Motion No.  002 003

Page 1 of 10

## PENDING MOTIONS

On July 3, 2023, plaintiffs moved for an order pursuant to CPLR § 3212 granting them partial summary judgment against defendant Jeremy Hirsch ("Hirsch") with respect to liability on their third cause of action for breach of contract. (Mot. Seq. 2).

On August 9, 2023, Hirsch moved for an order pursuant to CPLR § 3212(a) granting him partial summary judgment dismissing plaintiffs' claims seeking recovery from him for attorneys' fees, costs, expenses and interest incurred in the commencement and prosecution of this action. (Mot. Seq. 3).

The motions are consolidated herein and determined as set forth below.

## RELEVANT CONTRACT PROVISIONS

On November 7, 2019, Hirsch signed Alteration Agreement ("contract") provided to him by the Board. The following provisions of the contract are at issue:

7. Indemnification and Release.

a. The term "Claims, Liabilities and Expenses" means all claims, suits, actions, proceedings, disputes, controversies or litigation (collectively, "Litigation") brought before any court or governmental authority having jurisdiction, or any arbitration or mediation association or alternative dispute resolution body; all liabilities, judgments, awards, losses, damages, penalties, fines, costs and expenses (including, without limitation, reasonable legal fees and disbursements, court costs and associated Litigation expenses) in connection with, or resulting from, such Litigation; any other loss, cost, expense, fine, penalties, fees, etc., which may be incurred by or charged to the [Board] arising out of, or in connection with the Work and any act or omission by me, or any of my contractors, subcontractors or agents; together with per diem interest thereon at the rate equal to the lower of twelve percent (12%) a year or the maximum legal rate, computed from the date each item of cost or expense is paid or incurred to the date reimbursement thereof is received. The term "Indemnified Persons" means the [Board], Managing Agent and their respective directors, officers, managers, shareholders, consultants, agents and employees, the occupants of the Building, and the [Board]'s engineer and architect. The term "reasonably acceptable" or words of similar import means the acceptance of the attorneys, insurer or other matter or item at issue shall not be unreasonably withheld, denied, delayed or conditioned.

**161183/2020   KAUFMAN, SETH D vs. HIRSCH, JEREMY**
**Motion No.  002 003**

Page 2 of 10

[* 2]

b. To the fullest extent permitted by law, I shall defend (with attorneys chosen by me and reasonably acceptable to the [Board]), indemnify and hold harmless the Indemnified Persons from and against any and all Claims, Liabilities and Expenses arising out of or related to the Work or any act or omission of me or my contractors, subcontractors, architects, engineers or consultants, except as limited herein. My indemnity obligations hereunder shall include my obligation to indemnify and hold harmless the Indemnified Persons from and against any and all Claims, Liabilities and Expenses which may arise or be imposed under or incurred as a result of the provisions of Section 240 of the New York Labor Law. My agreement to indemnify specifically contemplates full and complete indemnity in the event liability is imposed against any one or more of the Indemnified Persons without any negligence on their part and arising solely by reason of statute, operation of law or otherwise. In the event any of the Indemnified Persons is held to be liable in part, indemnification shall be limited to any liability imposed over and above that percentage of liability attributable to such Indemnified Person(s). Nothing in this Paragraph or in this Agreement shall exempt the [Board] from liability it may otherwise have for damages for bodily injury to persons (including death) or damage to property caused by or resulting from the negligence of the [Board], its agents, servants, or employees.

21. …This Agreement shall be binding on you, me and our personal representatives and authorized assigns. Nothing contained herein, however, shall confer any rights or remedies on any other person.

29. This Agreement shall have no force or effect until (i) this Agreement has been executed by an officer of the [Board] and (ii) the [Board] has received all documents pertaining to the work. I acknowledge that the Managing Agent has no authority to execute or approve this Agreement or to waive any provisions thereof.

## DISCUSSION

### *Summary Judgment Standard*

To prevail on a motion for summary judgment, the movant must establish, *prima facie*, its entitlement to judgment as a matter of law, providing sufficient evidence demonstrating the absence of any triable issues of fact. CPLR § 3212(b); *Matter of New York City Asbestos Litig.*, 33 NY3d 20, 25-26 (2019). If this burden is met, the opponent must offer evidence in admissible form demonstrating the existence of factual issues requiring a trial; "conclusions, expressions of hope, or unsubstantiated allegations or assertions are insufficient." *Justinian Capital SPC v WestLB AG*, 28 NY3d 160, 168 (2016), quoting *Gilbert Frank Corp. v Fed. Ins. Co.*, 70 NY2d

**161183/2020   KAUFMAN, SETH D vs. HIRSCH, JEREMY**
**Motion No.  002 003**

**Page 3 of 10**

966, 967 (1988). In deciding the motion, the evidence must be viewed in the "light most favorable to the opponent of the motion and [the court] must give that party the benefit of every favorable inference." *O'Brien v Port Auth. of New York and New Jersey*, 29 NY3d 27, 37 (2017).

### Contentions

Plaintiffs contend that the indemnification agreement in the contract requires Hirsch to indemnify them, as third-party beneficiaries to the contract, against all damages resulting from the construction, including their costs and attorney fees in prosecuting this action.

Hirsch argues that the contract is not binding, contending that it was never executed by the Board, and even if it were the contract contains a separate provision that expressly disclaims third party rights. He contends that even if the contact creates an indemnity obligation to plaintiffs, it is limited only to requiring him to defend and indemnify plaintiffs for claims asserted against them, and that plaintiffs' claims against him are not covered. He notes that the indemnification clause specifies that the indemnitee's attorney would be chosen by Hirsch, which it did not have the opportunity to do here, and argues that this further emphasizes that it was not intended to cover claims against Hirsch, or alternatively represents a violated condition precedent that bars recovery of attorney fees, costs, and expenses. He contends that plaintiffs' counsel has run up fees well in excess of their actual damages.

The Board writes separately in partial opposition to Hirsch's motion, arguing that the contract is valid and enforceable there was a writing indicating that the alteration agreement was approved by Owner, and Hirsch agreed to be bound and performed under the contact.

### Enforceability of the Contract

To prevail on a breach of contract action, Plaintiff must establish the existence of a valid contract, performance of the obligations under the contract, and a defendant's breach and

**161183/2020   KAUFMAN, SETH D vs. HIRSCH, JEREMY**
**Motion No.  002 003**

Page 4 of 10

4 of 10

[* 4]

resulting damages. *Morris v 702 East Fifth St. HDFC*, 46 AD3d 478 (1st Dept 2007). Generally, "where the evidence supports a finding of intent to be bound, a contract will be unenforceable for lack of signature only if the parties 'positive[ly] agree[d] that it should not be binding until so reduced to writing and formally executed.'" *Lerner v Newmark & Co. Real Estate, Inc.*, 178 AD3d 418, 420 (1st Dept 2019), quoting *Matter of Municipal Consultants & Publs. v Town of Ramapo*, 47 NY2d 144, 149 (1979). However even where the parties contemplate that a signed writing is required, "an unsigned contract may be enforceable, provided there is objective evidence establishing that the parties intended to be bound." *Gallagher v Long Island Plastic Surgical Group, P.C.*, 113 AD3d 652, 653 (2d Dept 2014), quoting *Flores v Lower E. Side Serv. Ctr., Inc.* 4 NY3d 363 (2005). "In determining whether the parties entered into a contractual agreement and what were its terms, it is necessary to look . . . to the objective manifestations of the intent of the parties as gathered by their expressed words and deeds." *Id.* (internal citations omitted).

Here, while it is uncontroverted that the Board never signed thus contract, Hirsch did sign it, the managing agent of the owner sent him written approval, and Hirsch performed pursuant to the contract. Thus, notwithstanding the language requiring the contract to be signed to be effective, the objective evidence of the parties' conduct supports the conclusion that they intended to be bound by the contract.

### Third-Party Beneficiary Rights

The Court of Appeals has specifically limited a third party's right to enforce a contract to two situations: (1) when the third party is the only one who can recover for the breach of contract or (2) when it is otherwise clear from the language of the contract that there was an intent to

**161183/2020 KAUFMAN, SETH D vs. HIRSCH, JEREMY**
**Motion No. 002 003**

Page 5 of 10

permit enforcement by the third party. *Dormitory Auth of the State of NY v Samson Constr Co.*, 30 NY3d 704 (2018).

Here, paragraph 7(b) of the contract establishes a clear indemnity obligation to all "Indemnified Persons" which pursuant to the definitions in paragraph 7(a) clearly includes plaintiffs as occupants of the building. While this clause is seemingly contradicted by the language in paragraph 21 of the contract, which expressly disclaims the creation of third-party rights in the contract, such boilerplate "no third-party beneficiaries' language" has been found not extinguish third-party rights clearly granted elsewhere in a contract. *see Port Auth. Of New York and New Jersey v Brooklyn Union Gas Co.*, 179 AD3d 1106 (2d Dept 2020); *Diamond Castle Partners IV PRC, L.P. v IAC/InterActivecorp*, 82 AD3d 421 (1st Dept 2011).

## *Indemnification Clause*

Having found that the contract is enforceable, and that plaintiffs possess third-party beneficiary rights thereunder, the next question is whether the indemnification provision encompasses direct claims made against Hirsch.

> When a party is under no legal duty to indemnify, a contract assuming that obligation must be strictly construed to avoid reading into it a duty which the parties did not intend to be assumed. The promise should not be found unless it can be clearly implied from the language and purpose of the entire agreement and the surrounding facts and circumstances. Inasmuch as a promise by one party to a contract to indemnify the other for attorney's fees incurred in litigation between them is contrary to the well-understood rule that parties are responsible for their own attorney's fees, the court should not infer a party's intention to waive the benefit of the rule unless the intention to do so is unmistakably clear from the language of the promise.

*Hooper Assoc., Ltd. V AGS Computers, Inc.*, 74 NY2d 487, 491-92 (1989) (internal citations omitted). In *Hooper*, the Court of Appeals found that the indemnity clause at issue did not cover first-party claims absent subjects that were "exclusively or unequivocally referable to

**161183/2020 KAUFMAN, SETH D vs. HIRSCH, JEREMY**
**Motion No. 002 003**

Page 6 of 10

[* 6]

claims between the parties themselves or support an inference that defendant promised to indemnify plaintiff for counsel fees in an action on the contract." *Id.*

In *Seymour v Hovanian*, the First Department found that the phrase "including claims for personal injury or property damages sustained by any contractor, worker, or any other third or non-party," contained in the subject indemnification clause necessarily indicated that the provision was broader than third-party claims. 211 AD3d 549 (1st Dept 2022). Thus, the court ruled that the plaintiffs were entitled to contractual indemnification, including reasonable legal fees and expenses, on their first-party contract claims against the defendants. *Id.* The court noted that this interpretation was consistent with the purpose of the agreement which was to protect the plaintiffs' home from damage caused from their neighbor's renovation project. *Id.*; *see e.g. Sagittarius Broadcasting Corp. v Evergreen Media Corp.*, 243 AD2d 325 (1st Dept 1997) ("[T]he first sentence… cannot reasonably be interpreted as limited to third-party claims, particularly in view of the second portion of that clause, which clearly pertains to third-party actions, thereby rendering the first part mere surplusage were it only applicable… to third-party actions").

Here, in the contract at issue, Hirsch agreed to indemnify the "Indemnified Persons" which as stated *supra* include plaintiffs "from and against any and all Claims, Liabilities and Expenses arising out of or related to the Work or any act or omission of me or my contractors, subcontractors, architects, engineers or consultants…" It further defined the term "Claims, Liabilities, and Expenses" broadly, to include:

> all claims, suits, actions, proceedings, disputes, controversies or litigation… all liabilities, judgments, awards, losses, damages, penalties, fines, costs and expenses (including, without limitation, reasonable legal fees and disbursements, court costs and associated Litigation expenses) in connection with, or resulting from, such Litigation; any other loss, cost, expense, fine, penalties, fees, etc., which may be incurred by or charged to the

**161183/2020 KAUFMAN, SETH D vs. HIRSCH, JEREMY**
**Motion No. 002 003**

Page 7 of 10

7 of 10

[Board] arising out of, or in connection with the Work and any act or omission by me, or any of my contractors, subcontractors or agents

This is a clear and broad indemnity clause, and nothing in this language indicates that it is specifically limited to claims asserted against plaintiffs or the Board. While Hirsch points to the condition specifying that the attorney is to be chosen by Hirsch, from a plain reading of the contract it is clear that this condition modifies the defense obligation, which is not at issue here, as opposed to the indemnity obligation which comes after. Additionally, the language that Hirsch's "indemnity obligations hereunder shall include" liability pursuant to Section 240 of the Labor Law is clearly additional and does not restrict the obligation to only Labor Law § 240 claims.

This interpretation is in keeping with the overall purpose of the agreement, which was to protect the Board and residents of the building from adverse consequences relating to the construction. Thus, plaintiffs are entitled to reasonable costs and attorney fees solely in connection to the prosecution of its breach of contract claim against Hirsch. *See Seymour*, 211 AD3d at 553 ("plaintiffs are only entitled to legal fees incurred in connection with prosecuting their contract claims in this litigation").[1]

### *Hirsch's Contractual Liability*

Having resolved the contractual interpretation issues, we turn to plaintiffs' request for partial summary judgment on liability on its breach of contract claim. In support of their motion for summary judgment, plaintiffs submit the affidavit of plaintiff Seth Kaufman detailing how dust from Hirsch's construction project ended up in his apartment covering all their personal

---

[1] While Hirsch takes umbrage with the amount of the attorney fees that plaintiffs' have allegedly accumulated in proportion to their claimed damages, the court makes no finding at this time as to the reasonableness of the amount fees alleged incurred at this time.

**161183/2020   KAUFMAN, SETH D vs. HIRSCH, JEREMY**
**Motion No.  002 003**

Page 8 of 10

[* 8]

items and rendering the apartment uninhabitable for several months. Additionally, they submit communications between Hirsch and his liability insurance carrier, describing the incident as follows: "My contractor was doing demolition in my apartment and as a result of the demolition a significant amount of dust got into the neighbor's apartment. The entirety of the apartment was covered, furniture, toiletries, kitchen, plates, etc."

Here, plaintiff has established *prima facie* entitlement on its breach of contract claim by coming forward with evidence in admissible form of (1) proof of a contract, (2) performance of the contract by one party, (3) breach by the other party, and (4) damages. *See 14 E. 4th St. Unit 509 LLC v Toporek*, 203 AD3d 17, 26 (1st Dept 2022). In opposition, Hirsch's contention that discovery is ongoing and a determination of the truth of the underlying facts related to his alleged breach is premature is insufficient to raise a triable issue of fact, absent an indication that further discovery will lead to relevant facts essential to justify opposition. *See Valencia v Glinski*, 219 AD3d 541 (2d Dept 2023).

Thus, plaintiffs are entitled to partial summary judgment on their third cause of action for breach of contract, including costs and attorney fees in connection to the prosecution of its breach of contract claim.

## **CONCLUSION**

Accordingly, it is hereby:

ORDERED, that plaintiffs' motion for partial summary judgment with respect to liability on its third cause of action for breach of contract (Mot. Seq. 2) is granted, and it is further

ORDERED, that Hirsch's motion for partial summary judgment (Mot. Seq. 3) is denied; and it is further

**161183/2020  KAUFMAN, SETH D vs. HIRSCH, JEREMY**
**Motion No. 002 003**

Page 9 of 10

[* 9]

ORDERED that plaintiff shall, within 20 days from entry of this order, serve a copy of this order with notice of entry upon counsel for all parties hereto and upon the Clerk of the General Clerk's Office; and it is further

ORDERED that such service upon the Clerk shall be made in accordance with the procedures set forth in the *Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases* (accessible at the "E-Filing" page on the court's website at the address www.nycourts.gov/supctmanh);]; and it is further

ORDERED that counsel appear for a virtual status conference with the court on May 23, 2024, at 11:30 am via MS Teams; and it is further

This constitutes the decision and order of this court.

| April 2, 2024 | | | | |
|---|---|---|---|---|
| **DATE** | | | SABRINA KRAUS, J.S.C. | |

**CHECK ONE:**   ☐ CASE DISPOSED    ☒ NON-FINAL DISPOSITION

☐ GRANTED    ☐ DENIED    ☒ GRANTED IN PART    ☐ OTHER

**APPLICATION:**   ☐ SETTLE ORDER    ☐ SUBMIT ORDER

**CHECK IF APPROPRIATE:**   ☐ INCLUDES TRANSFER/REASSIGN    ☐ FIDUCIARY APPOINTMENT    ☐ REFERENCE

**161183/2020 KAUFMAN, SETH D vs. HIRSCH, JEREMY**
**Motion No. 002 003**

**Page 10 of 10**