Fourth Ave. Owners Corp. v Douglas Elliman Prop. Mgt. (2025 NY Slip Op 00375)

Fourth Ave. Owners Corp. v Douglas Elliman Prop. Mgt.

2025 NY Slip Op 00375

Decided on January 23, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 23, 2025

Before: Manzanet-Daniels, J.P., Kapnick, Shulman, Higgitt, Michael, JJ. 

Index No. 655914/21 Appeal No. 3556 Case No. 2024-05562 

[*1]Fourth Avenue Owners Corporation, Plaintiff-Respondent,
v
Douglas Elliman Property Management, Also Known as Residential Management Group, LLC, etc., Defendant-Appellant.

Cole Associates, New York (Michael S. Cole of counsel), for appellant.
Smith & Krantz, LLP, New York (Jeremy J. Krantz of counsel), for respondent.

Order, Supreme Court, New York County (Suzanne J. Adams, J.), entered August 28, 2024, which denied the motion of defendant Douglas Elliman Property Management (the property manager) for summary judgment dismissing the complaint, granted the motion of plaintiff Fourth Avenue Owners Corporation (the owner) for summary judgment in its favor on liability, and dismissed the property manager's affirmative defenses, unanimously modified, on the law, to grant the property manager's motion for summary judgment dismissing the causes of action for breach of fiduciary duty, money had and received, and conversion, deny the owner's motion for summary judgment on those causes of action, and reinstate the affirmative defense of failure to mitigate damages, and otherwise affirmed, without costs.
Supreme Court properly granted the owner summary judgment on its cause of action for breach of contract. The owner established that the property manager breached its obligations under the parties' management agreement by failing to take steps that would have prevented commercial tenants from receiving electricity at the owner's expense for a period of multiple years in violation of their leases. The agreement's limitation of liability clause, on which the property manager relies, provides that the property manager "shall not be liable to the owner for any loss or damage not caused primarily by the [property manager's] own negligence orfailure to comply with its obligations hereunder." Strictly construing the clause against the property manager, which is the party seeking to avoid liability (see Terminal Cent. v Henry Modell & Co., 212 AD2d 213, 219 [1st Dept 1995]), the terms of the limited liability clause do not protect it because its own breach of the management agreement was a direct and primary cause of the owner's losses, which would not have occurred but for the property manager's failure to fulfill its contractual obligations.
Furthermore, the property manager did not submit evidence sufficient to warrant dismissal based on the affirmative defense of failure to mitigate damages, as that defense does not preclude the grant of summary judgment to the owner on the issue of liability (see Mitchell v Fidelity Borrowing LLC, 40 AD3d 557, 558 [1st Dept 2007]). In addition, the property manager bore the burden of demonstrating both that the owner failed to make diligent efforts to mitigate its losses and the extent to which such efforts would have diminished plaintiff's damages (see LaSalle Bank N.A. v Nomura Asset Capital Corp., 72 AD3d 409, 411 [1st Dept 2010]). Although the property manager submitted evidence that the owner did not seek to recover damages from the commercial tenants, the duty to mitigate does not require that the party expose itself to unreasonable risk or expense (see Janowitz Bros. Venture v 25—30 120th St. Queens Corp., 75 AD2d 203, 213 [2d Dept 1980]). The owner asserted that it was not feasible to recover from one tenant that had defaulted and [*2]was believed to be insolvent, and that it risked losing the other tenant if it demanded payment. Thus, the property manager did not eliminate issues of fact as to whether the owner acted reasonably, nor did the property manager establish the extent to which the owner could have diminished its damages. On the other hand, the owner did not seek dismissal of the affirmative defense or submit evidence sufficient to eliminate issues of fact as to the reasonableness of its conduct, and thus, there remain issues of fact to be heard at the damages hearing (see Sagittarius Broadcasting Corp. v Evergreen Media Corp., 243 AD2d 325 [1st Dept 1997]).
Supreme Court properly granted summary judgment to the owner on the cause of action for an accounting and denied the property manager's motion for summary judgment dismissing that claim. Under the circumstances presented, the cause of action for an accounting is not duplicative of the cause of action for breach of contract. Although contract damages will provide a legal remedy, the mere existence of a fiduciary relationship gives rise to a claim for an accounting, which does not require the plaintiff to demonstrate the absence of a legal remedy (see Mullin v WL Ross & Co. LLC, 173 AD3d 520, 522 [1st Dept 2019]; see also Metropolitan Bank & Trust Co. v Lopez, 189 AD3d 443, 446 [1st Dept 2020]). Here, the management agreement makes clear that the property manager was under a duty to act for the benefit of the owner (see AG Capital Funding Partners, L.P. v State St. Bank and Trust Co, 11 NY3d 146, 158 [2008]). Additionally, the eleventh paragraph of the management agreement requires that the property manager provide an accounting at the termination of the management relationship, and there is no evidence that a full accounting was ever provided.
As to the causes of action for breach of fiduciary duty and money had and received, the complaint does not plead any facts establishing liability outside the bounds of the management agreement. Thus, the claims merely duplicate the breach of contract claim and should have been dismissed (see Perl v Smith Barney, 230 AD2d 664, 666 [1st Dept 1996]; see also Parsa v State, 64 NY2d 143, 148 [1984]). In addition, Supreme Court should have dismissed the cause of action for conversion, as there is no evidence suggesting that the property manager acted intentionally and without authority to interfere with the owner's right of possession (see Colavito v New York Organ Donor Network, Inc., 8 NY3d 43, 49-50 [2006]).
We have considered the property manager's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 23, 2025